IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00371-RPM-MEH

CHARLES CALDWELL, and
VICKI CALDWELL,

      Plaintiffs,

v.

THE COUNTY OF PARK, a body corporate and politic and a political subdivision of the State
of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT,
STEVEN GROOME,
SHAWNA WHITEOWL, and
MARK DAMON,

      Defendants.

---

## ANSWER AND JURY DEMAND TO PLAINTIFFS' COMPLAINT
## FROM PARK COUNTY DEFENDANTS

---

Defendants Park County, Fred Wegener, Monte Gore, Gregory Flint and Stephen
Groome, by and through their counsel of record, Andrew D. Ringel, Esq. of Hall & Evans,
L.L.C., hereby respectfully submit this Answer to Plaintiffs' Complaint, and as grounds therefore
state as follows:

### I.  NATURE OF THE ACTION

1.      Defendants Park County, Fred Wegener, Monte Gore, Gregory Flint and Stephen
Groome (hereinafter collectively "Park County Defendants") admit the Plaintiffs Charles
Caldwell and Vicki Caldwell attempt claims against the Park County Defendants pursuant to 42

U.S.C. § 1983, 42 U.S.C. § 1985, and Colorado law.  Park County defendants deny the Plaintiffs state any cognizable claim against the Park County Defendants or that the Plaintiffs are entitled to any relief on any of their claims against the Park County Defendants.   Park County Defendants deny all of the remaining allegations contained in paragraph 1 of Plaintiffs' Complaint and Jury Demand (hereinafter "Plaintiffs' Complaint").

## II.  JURISDICTION AND VENUE

2.      Park County Defendants admit this Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  Park County Defendants deny all of the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.      Park County Defendants admit this Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  Park County Defendants deny all of the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      Park County Defendants admit venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.  Park County Defendants admit the individual Park County Defendants reside in the State of Colorado.  Park County Defendants deny all of the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

## III.  PARTIES

5.      Park County Defendants admit the individual Park County Defendants reside in the State of Colorado.  Defendants deny all of the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      Park County Defendants admit Park County is a political subdivision of the State of Colorado.  Park County Defendants affirmatively state Park County is not a proper Defendant.

Park County Defendants deny all of the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.      Park County Defendants admit Defendant Fred Wegener is the elected Sheriff of Park County.   Park County Defendants deny all of the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.      Park County Defendants admit Defendant Monte Gore is the Undersheriff of Park County.  Park County Defendants admit Undersheriff Gore was the supervisor of Plaintiff Vicki Caldwell.  Park County Defendants deny all of the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint

9.      Park County Defendants admit Defendant Gregory S. Flint was a Detective with Park County.   Park County Defendants deny all of the remaining allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     Park County Defendants admit Defendant Stephen Groome is the County Attorney of Park County.   Park county Defendants deny all of the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.     Park County Defendants deny all of the allegations contained in paragraph 11 of Plaintiffs' Complaint.

## IV.  FACTS

12.     Park County Defendants admit Plaintiff Charles Caldwell's employment with Park County was terminated by Sheriff Wegener on February 22, 2006.  Park County Defendants admit that Plaintiff Charles Caldwell's employment with Park County was terminated because of false statements made in his employment application with the Park County Sheriff's Department.

Park County Defendants deny all of the remaining allegations contained in paragraph 12 of Plaintiffs' Complaint.

16. Park County Defendants deny all of the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Park County Defendants deny all of the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Park County Defendants deny all of the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Park County Defendants admit Plaintiff Vicki Caldwell was the Business Manager for the Park County Sheriff's Department. Park County Defendants admit Plaintiff Vicki Caldwell was placed on administrative leave on November 17, 2005, by Undersheriff Gore. Park County Defendants admit Plaintiff Vicki Caldwell was given a written reprimand on November 22, 2005, by Undersheriff Gore. Park County Defendants affirmatively state the November 17, 2005, Memorandum to Plaintiff Vicki Caldwell and the November 22, 2005, written reprimand to Plaintiff Vicki Caldwell in their entirety speak for themselves. Park County Defendants deny all of the allegations contained in paragraph 16 of Plaintiffs' Complaint inconsistent therewith. Park County Defendants deny all of the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Park County Defendants affirmatively state the November 22, 2005, written reprimand to Plaintiff Vicki Caldwell in its entirety speaks for itself. Park County Defendants deny all of the allegations contained in paragraph 17 of Plaintiffs' Complaint inconsistent

therewith.  Park County Defendants deny all of the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     Park County Defendants admit Plaintiff Vicki Caldwell voluntarily resigned her employment with Park County on December 1, 2005.  Park County Defendants deny all of the remaining allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     Park County Defendants admit Detective Flint wrote a document entitled Webber Park Investigation/Brief Synopsis dated October 4, 2005.  Park County Defendants affirmatively state the Webber Park Investigation/Brief Synopsis by Detective Flint in its entirety speaks for itself.  Park County Defendants deny all of the allegations contained in paragraph 19 of Plaintiffs' Complaint inconsistent therewith.  Park County Defendants deny all of the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     Park County Defendants affirmatively state the Webber Park Investigation/Brief Synopsis by Detective Flint in its entirety speaks for itself.  Park County Defendants deny all of the allegations contained in paragraph 20 of Plaintiffs' Complaint inconsistent therewith.  Park County Defendants deny all of the remaining allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Park County Defendants deny all of the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Park County Defendants admit Detective Flint wrote a document entitled Witness/Victim List of the Webber Park Investigation dated September 22, 2005.  Park County Defendants affirmatively state the Witness/Victim List of the Webber Park Investigation by Detective Flint in its entirety speaks for itself.  Park County Defendants deny all of the

allegations contained in paragraph 22 of Plaintiffs' Complaint inconsistent therewith.   Park County Defendants deny all of the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.      Park County Defendants deny all of the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.      Park County Defendants deny all of the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.      Park County Defendants deny all of the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.      Park County Defendants deny all of the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.      Park County Defendants deny all of the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.      Park County Defendants deny all of the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.      Park County Defendants deny all of the allegations contained in paragraph 29 of Plaintiffs' Complaint.

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 *et seq.*—All Defendants)

30.      Park County Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 29 of Plaintiffs' Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Park County Defendants admit that generally the individual Park County Defendants act under Colorado of state law in their capacity as law enforcement officers and officials of Park County.  Park County Defendants deny all of the remaining allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     Park County Defendants deny all of the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Park County Defendants deny all of the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Park County Defendants deny all of the allegations contained in paragraph 34 of Plaintiffs' Complaint.

**SECOND CLAIM FOR RELIEF**
(Defamation *Per Se*—Defendants Wegener, Gore, Flint, Groome, Whiteowl and Damon)

35.     Park County Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 34 of Plaintiffs' Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Park County Defendants deny all of the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Park County Defendants deny all of the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Park County Defendants deny all of the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Park County Defendants deny all of the allegations contained in paragraph 39 of Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress—
Defendants Wegener, Gore, Flint, Groome, Whiteowl and Damon)

40.     Park County Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 39 of Plaintiffs' Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     Park County Defendants deny all of the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Park County Defendants deny all of the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Park County Defendants deny all of the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     Park County Defendants deny all of the allegations contained in paragraph 44 of Plaintiffs' Complaint.

## FOURTH CLAIM FOR RELIEF
(Invasion of Right to Privacy—Defendants
Wegener, Gore, Flint, Groome, Whiteowl, and Damon)

45.     Park County Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 44 of Plaintiffs' Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Park County Defendants deny all of the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     Park County Defendants deny all of the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Park County Defendants deny all of the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     Park County Defendants deny all of the allegations contained in paragraph 49 of Plaintiffs' Complaint.

## FIFTH CLAIM FOR RELIEF
(Failure to Pay Wages—Defendant Park County)

50.     Park County Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 49 of Plaintiffs' Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     Park County Defendants deny all of the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Park County Defendants deny all of the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     Park County Defendants deny all of the allegations contained in paragraph 53 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

Park County Defendants deny all of the allegations under the heading "Prayer for Relief" on page 12 of Plaintiffs' Complaint and deny the Plaintiffs are entitled to any of the relief

requested in the Plaintiffs' Complaint.

## GENERAL DENIAL

Park County Defendants deny each and every allegation contained in Plaintiffs' Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted against the Park County Defendants.

2.      All or part of Plaintiffs' claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted.

3.      The injuries and damages sustained by Plaintiffs, in whole or in part, were proximately caused by their own acts or omissions and/or the acts or omissions of third parties over whom the Park County Defendants have no control or right of control.

4.      Defendants Fred Wegener, Monte Gore, Gregory Flint and Stephen Groome in their individual capacities are entitled to qualified immunity for all Plaintiffs' claims of constitutional violations.

5.      Plaintiffs were deprived of no well-settled liberty or property interest and they were afforded all the rights, privileges and immunities guaranteed by the Constitution, and no constitutionally protected interest is impugned in relation to any claim of Plaintiffs.

6.      Plaintiffs' claims against the Park County Defendants are barred, in whole or in part, due to a failure of personal participation on the part of some or all of the individual Park County Defendants.

7.       On information and belief, Plaintiffs have failed to mitigate their damages, if any.

8.      Plaintiffs' claims under Colorado law are barred, limited or controlled pursuant to the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et seq.* and other elements of Colorado law.

9.      Park County Defendants are not nor could they become liable for any punitive damages pursuant to any law on the basis of any allegations attempted in this matter.

10.     Plaintiffs' injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Park County Defendants, nor were they proximately caused by or related to any act or omission of Park County Defendants.

11.     Plaintiffs' claim for punitive damages, if any, is barred, reduced, or in the alternative, unconstitutional and a violation of the individual Park County Defendants' rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.  Further, any claim for punitive damages against Park County or any of the individual Park County Defendants in any official capacity is precluded under federal law.

12.     At all times pertinent herein, Park County Defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiffs harm.

13.     Park County Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

14.     Some or all of the Park County Defendants are not proper parties for some or all of the Plaintiffs' claims.

15.     All actions of Park County Defendants taken with respect to Plaintiffs were taken in good faith and were reasonable under the circumstances and no action taken by any of the Park County Defendants related to any "protected activity" of the Plaintiffs.

16.     All actions of Park County Defendants taken with respect to Plaintiffs' employment were taken in good faith and were reasonable under the circumstances.

17.     All actions taken by the individual Park County Defendants with respect to Plaintiffs' employment were reasonable under the circumstances, taken in the course and scope of their employment, in the good faith performance of their duties, for legitimate business reasons, for the purpose of serving Park County, and in the good faith in the belief that they acted in compliance with applicable laws and regulations, and all such actions were based on legitimate factors, with no action taken in relation to any "protected activity" of the Plaintiffs.

18.     Park County Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations of the Plaintiffs' Complaint in full, Defendants Park County, Fred Wegener, Monte Gore, Gregory Flint and Stephen Groome move the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys fees, and ordering such other and further relief as to the Court appears proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Park County Defendants hereby demand a trial by jury on all issues so triable.

Dated this 20th day of March, 2007.

Respectfully submitted,

s/Andrew D. Ringel        .
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3453
Fax: 303-628-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS
PARK COUNTY, FRED WEGENER,
MONTE GORE, GREGORY FLINT
AND STEPHEN GROOME**

Address of Defendants:

P.O. Box 173
Fairplay, Colorado 80440-0220

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I HEREBY CERTIFY that on the 20th day of March, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

James A. Reed, Esq.
jreedpc@aol.com

and hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

s/Loree Trout, Legal Secretary to.
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3453
Fax: 303-628-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS PARK COUNTY, FRED WEGENER, MONTE GORE, GREGORY FLINT AND STEPHEN GROOME**

H:\Users\RINGELA\park\Caldwell v. Park\Answer.doc