IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-000371 RPM-MEH

CHARLES CALDWELL AND VICKI CALDWELL,

    Plaintiff,

v.

THE COUNTY OF PARK, a body corporate and politic and political subdivision of the State of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT
STEVEN GROOME
SHAWNA WHITEOWL, and
MARK DAMON

    Defendants.

---

# ANSWER

---

COMES NOW the Defendant, Shawna Whiteowl, hereinafter referred to as "Whiteowl", by her attorney, Steven U. Mullens, and as an answer to the Complaint filed by Plaintiffs Charles Caldwell and Vicki Caldwell, states as follows:

1. Whiteowl is without sufficient information to admit or deny the factual assertions contained in the first paragraph of Plaintiff's Complaint and therefore denies the same. Whiteowl further notes that the multiple allegations, factual assertions and mixed arguments of law contained in paragraph 1 of the Complaint makes the response to paragraph 1 difficult, if not impossible. Whiteowl objects to the form employed by Plaintiffs in paragraph 1 of the Complaint.

2. Claimant is without sufficient information or knowledge to respond to paragraphs 2, 3 and 4 of the Complaint and therefore denies the same.

3. Whiteowl is without sufficient information to respond to the allegation in paragraph 5 and therefore denies the same.

4. Whiteowl admits that Defendant Park County is a body corporate and politic and a political subdivision of the State of Colorado and therefore admits paragraph 6.

5. Whiteowl is without information sufficient to form an opinion and belief as to paragraph 7 of the Complaint and therefore denies the same. Whiteowl further objects to the multiple arguments, suggestions, facts and conclusions contained in the form employed by Plaintiff in allegation 7.

6. Whiteowl is without information sufficient to form an opinion as to the assertions in paragraph 8 and therefore denies the same.

7. Whiteowl denies paragraphs allegations 8, 9 and 10 of the Complaint.

8. Whiteowl denies making any patently false or slanderous statements to Detective Flint concerning Plaintiffs and denies that portion as well as the rest of paragraph 11 insofar as that paragraph is addressed to Defendant Whiteowl.

9. Defendant Whiteowl is without information or knowledge to form a belief or respond factually to the allegations contained in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 and therefore deny the same. Again, Defendant Whiteowl objects to the form of Complaint insofar as Plaintiffs have alleged multiple and mixed facts, arguments, conclusions and supposition in the averments contained in the Complaint.

10. Defendant Whiteowl specifically denies allegations of harassment and slander and denies repeatedly filing fallacious criminal complaints against Plaintiffs, Charles Cardwell and Vicki Caldwell and "others" and therefore denies paragraph 23 of the Complaint.

11. Defendant Whiteowl denies paragraph 24 and further states that the content of paragraph 24 is scandalous, irrelevant to any claim made by Plaintiffs herein and is included in this Complaint only to harass, humiliate and annoy Defendant Whiteowl. Defendant Whiteowl vehemently objects to the irresponsible content of paragraph 24 and denies the content of those allegations.

12. Defendant Whiteowl lacks information sufficient to form an opinion with regard to the allegations contained in paragraph 25 and therefore denies the same.

13. Defendant Whiteowl denies allegations of slander and libel contained in paragraph 26 and denies paragraph 26 in its entirety.

14. Defendant Whiteowl denies paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 and 53.

## AFFIRMATIVE DEFENSES

Defendant Whiteowl alleges the following affirmative defenses in response to the Complaint filed by Charles Caldwell and Vicki Caldwell:

1. Plaintiffs have failed to state a cause of action against Defendant Whiteowl.

2. Any complaint that Plaintiff Charles Caldwell has for personal injury as reflected by the convoluted complaint filed here in is barred by the Colorado Workers' Compensation Act. Plaintiff Caldwell appears to complain that he had stress and a heart attack as a result of the manner of his firing from his position with the Park County Sheriff's Department. He is barred from bringing an action against the employer and others by the Colorado Workers'

Compensation Act pursuant to the exclusive remedy doctrine that limits the recovery of work injuries to benefits under the Colorado Workers' Compensation Act.  Additionally, stress claims under the Colorado Workers' Compensation Act related to physical injury that is alleged to occur as a result of disciplinary action or firing by the employer are only recognized and maintainable if it can be demonstrated that the firing occurred in bad faith.

3.  This Court does not have jurisdiction over the issues raised by Plaintiff Charles Caldwell insofar as Charles Caldwell's cause of action essentially constitutes a claim for Workers' Compensation benefits as a result of a cardiac incident that he alleges due to working conditions or improper and wrongly motivated termination of his employment by the Park County Sheriff's Department.

4.  The damages alleged by Vicki Caldwell and the cause of action alleged by Vicki Caldwell are so tenuous and unforeseeable with regard to Defendant Shawna Whiteowl as to be nonexistent as a matter of law.  The essence of Ms. Caldwell's complaint is that her husband got fired and she decided that she would not continue working for the same general employer because of the insult to her husband.  There is no cause of action or remedy under Colorado law that would exist in support of Vicki Caldwell ever recovering from a third-party simply because she is convinced that her husband was fired and therefore she should be able to walk away from her job.

5.  The prayer for damages in the amount of $1,000.000.00 in this claim asserted by Mr. and Mrs. Caldwell based on the rank gossip and hearsay complaints that do not give rise to a cognizable cause of action renders the Complaint filed herein dismissable as a matter of law and constitutes violation of Rule 8(e)(1), Rule 10(b) and Rule 12(f).  C.R.F.P.

## COUNTERCLAIM

Defendant Whiteowl counterclaims against Charles Caldwell and Vicki Caldwell for the tort of Abuse of Process insofar as Plaintiffs have sued Defendant Whiteowl in order to improperly force her to testify to matters not true in order to attempt to establish a cause of action against Defendants Park County, Fred Wegener, Monte Gore, Gregory Flint, Steven Groome and Mark Damon. Defendant Whiteowl prays for damages against Plaintiffs Charles and Vicki Caldwell for such amounts as are deemed fair and appropriate to the Court or the Jury as well as for costs, attorney's fees and punitive damages, if allowed.

## SECOND COUNTERCLAIM

Defendant Whiteowl prays for damages against Plaintiffs Charles Caldwell and Vicki Caldwell for engaging in the tort of harassment by the filing of their Complaint against Defendant Whiteowl in pursuit of a cause of action that does not exist as a matter of law based on facts that even if they were true (and they are not) would not give rise to the relief or cause of action expressed on behalf of Plaintiffs Charles Caldwell and Vicki Caldwell. Defendant Whiteowl requests such damages including consequential damages, attorney's fees and costs as well as exemplary and punitive damages that may be allowed by law to be awarded either by the Court or Jury in this matter.

Defendant Whiteowl seeks damages against Plaintiffs Charles Caldwell and Vicki Caldwell for the newspaper publication and discussion engaged in by James Reed, Agent acting on behalf of Charles Caldwell and Vicki Caldwell, and for making insulting and slanderous comments concerning Defendant Whiteowl. The statements were made in a manner to hurt, embarrass and humiliate Whiteowl and even if the statements were true (which Whiteowl denies) the statements were published and iterated expressly to harm and humiliate Whiteowl.

Whiteowl seeks damages as allowed by law for the defamation per quod engaged in by James Reed, who at all times herein has acted as Agent on behalf of Charles Caldwell and Vicki Caldwell in the utterance of defamatory comments concerning Defendant Whiteowl. Defendant Whiteowl will file for relief pursuant to Rule 11 in a separate pleading.

WHEREFORE, Defendant Whiteowl prays for judgments as above-described in her counterclaims and for an order dismissing the Complaint brought by Plaintiffs against her, for court costs and interest as well as for attorney's fees as deemed appropriate by the Court.

Respectfully submitted this 16th day of April, 2007.

STEVEN U. MULLENS, P.C.

*s/ Steven U. Mullens*
Steven U. Mullens, #5021
105 E. Moreno Avenue
Colorado Springs, CO 80903
(719) 632-5001
(719) 473-2299 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served via electronic filing with the U.S. District Court, this 16th day of April, 2007, properly addressed to the following:

James A. Reed
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO 80903
*Attorney for Plaintiffs*

*s/ Peggy M. McKee*