IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-000371 RPM-MEH

CHARLES CALDWELL AND VICKI CALDWELL,

     Plaintiff,

v.


THE COUNTY OF PARK, a body corporate and politic and political subdivision of the
State of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT
STEVEN GROOME
SHAWNA WHITEOWL, and
MARK DAMON

     Defendants.
_____

**ANSWER and COUNTERCLAIM**
_____


     COMES NOW the Defendant, Mark Damon, by his attorney Steven Mullens and lodges the following Answer and Counterclaim in the above-referenced civil action.

     1.  Defendant, Mark Damon, has never been an employee of Park County.

     2.  Defendant, Mark Damon, is a private citizen.

     3.  Mark Damon lacks information sufficient to form a belief and therefore denies allegations 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 27, 28, 29, 30, 31, 33, 34, 35, 40, 45, 50, 51, 52 and 53.

     4.  Defendant Damon specifically denies paragraph allegations 11, 23, 26, 32, 36, 37, 38, 39, 41, 42, 43, 44, 46, 47, 48, 49.  Mark Damon admits allegation 6.

AFFIRMATIVE DEFENSES

Defendant, Mark Damon, alleges the following affirmative defenses in response to the Complaint filed by Charles Caldwell and Vicki Caldwell:

1.  Plaintiffs have failed to state a cause of action against Defendant Mark Damon.

2.  In a light most favorable to Plaintiffs, all of the comments attributed to Mark Damon contained in the Complaint or described in the Complaint were made in the capacity of a confidential informant.   Therefore, there was no public disclosure or publication of any comments Mr. Damon made outside of Mr. Damon's comments to law enforcement agencies all of Plaintiff's theories pertaining to Mr. Damon's alleged statements of fact and conclusions were made in the context of a confidential relationship between an informant and a Peace Officer and as such, would not arise to any of the torts suggested by Plaintiffs in their Complaint.

3.  Defendant, Mark Damon, has the First Amendment right to express himself and to communicate with law enforcement representatives concerning conduct that he perceives to be suspicious or criminal in nature and the Complaint filed by Plaintiffs herein do not allege with adequate specificity any conduct engaged in by Defendant, Mark Damon, sufficient to give notice or information upon which to determine what, if any, conduct engaged in by Defendant, Mark Damon, that would give rise to any cause of action in favor of Plaintiffs and against Defendant, Mark Damon.  Mr. Damon is at most a potential witness in these proceedings.  He is neither an indispensable or a permissive party and Plaintiffs have failed to state a cognizable cause of action against Mark Damon.

4.  Defendant Damon as a confidential informant and agent of Park County as alleged by Plaintiff would not be susceptible of a claim being brought against him by Charles Caldwell under the Fellow Servant Rule and Charles Caldwell's claim would be barred by the Workers'

Compensation Act for all claims arising in State Court. Any remedy in Federal Court outside of specific statutory entitlement should be tempered by limitations recognized as a result of the nature of the employment relationship between Plaintiff Caldwell and Defendant Mark Damon. Mark Damon had absolutely nothing to do with Charles Caldwell giving false information to the Sheriff when he was "hired" and Mark Damon had no control or participation in any issue with regard to whether or not Charles Caldwell was given the opportunity of a hearing prior to his termination. The allegations concerning Mark Damon are so attenuated and removed from the employment relationship between Charles Caldwell and other Defendants in this claim as to entitle Mark Damon to an Order of Dismissal or Summary Judgment as deemed appropriate by the Court.

FIRST COUNTERCLAIM

Defendant, Mark Damon, incorporates and re-alleges all of the allegations above and further complains by way of counterclaim against Charles Caldwell and Vicki Caldwell and alleges that Charles and Vicki Caldwell have committed the tort of Abuse of Process by naming Mark Damon as a party Defendant in that the Caldwells are not looking for relief for any specific conduct engaged in by Damon but rather, have named him as a Defendant in order to try and coerce Mr. Damon to provide testimony supportive to the Plaintiffs' allegations against other Defendants in this lawsuit.

SECOND COUNTERCLAIM

The Caldwells have filed vexatious, spurious and groundless litigation against Defendant, Mark Damon, compelling Mr. Damon to incur costs of representation

THIRD COUNTERCLAIM

Plaintiffs, Charles and Vicki Caldwell, have engaged in the tort of outrage by naming Mark Damon as a Defendant in this civil action. The Caldwells, each and both of them, have recklessly exposed and endangered Mark Damon to bodily harm or death if the facts alleges in the Caldwell Complaint are to be taken as true. The conduct of Charles and Vicki Caldwell has been reckless and intentional in attempting to expose Mark Damon to retaliatory conduct and injury by criminal acquaintances of the Caldwells. In fact, some of those injuries have already occurred. On information and belief, if the allegations contained in the investigative report complained of by Plaintiffs are in fact true, and Charles Caldwell knowingly and openly associates with criminals in Park County as described in the investigative report referred to by Plaintiffs in their Complaint.

FOURTH COUNTERCLAIM

Charles Caldwell has filed an intentionally false and medically unsupportable claim that he had a heart attack or cardiac disease as a result of his employment with Park County Sheriff's Department. On information and belief, Mr. Caldwell's use of street drugs, alcohol and tobacco, as well as other risk factors that have nothing to do with his employment at Park County, caused his cardiac incident. Blaming Mark Damon for Mr. Caldwell's heart attack constitutes fraudulent and ridiculous pleading.

FIFTH COUNTERCLAIM

Plaintiffs have defamed Darvon and have themselves or by their agents exposed Damon to risk of bodily harm or death by disseminating information and holding press conferences in order to identify, defame and harm Mark Damon.

WHEREFORE, Defendant Mark Damon prays that Plaintiffs' Complaint be dismissed against him and that he be awarded all costs and attorney's fees as deemed appropriate by the Court.

FURTHER, Defendant Mark Damon asks for damages as well as punitive and exemplary damages determined by the Court or jury for each and all of the counterclaims set forth above against Plaintiffs, Charles and Vicki Caldwell.

Respectfully submitted this 4th day of May, 2007.

STEVEN U. MULLENS, P.C.

*s/ Steven U. Mullens*
Steven U. Mullens, #5021
105 E. Moreno Avenue
Colorado Springs, CO 80903
(719) 632-5001
(719) 473-2299 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served via electronic filing with the U.S. District Court, this 4th day of May, 2007, properly addressed to the following:

James A. Reed
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO 80903
*Attorney for Plaintiffs*

*s/ Peggy M. McKee*