IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-000371-RPM-MEH

CHARLES CALDWELL, and
VICKI CALDWELL,

Plaintiffs,

v.

THE COUNTY OF PARK, a body corporate and politic and a political  subdivision of the State
of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT,
STEVEN GROOME,
SHAWNA WHITEOWL, and
MARK DAMON

Defendants.

---

**PLAINTIFFS' MOTION TO STRIKE;
MOTION FOR MORE DEFINITE STATEMENT;
MOTIONS TO DISMISS ; and
PLAINTIFFS' REPLY TO DEFENDANT DAMON'S COUNTERCLAIMS**

---

COME NOW the Plaintiffs, Charles "Chuck" Caldwell and Vicki Caldwell, by and

through their undersigned counsel, and hereby file the following Motions under Rule 12

F.R.C.P., and Reply to Defendant Damon's Counterclaims as follows:

## MOTIONS

**Motion to Dismiss/Strike from Pleadings.**

Pursuant to Rule 12(b)(6) F.R.C.P., this Court may dismiss any claim which it feels fails to state a claim upon which relief may be granted under the applicable law.  Rule 12(f) F.R.C.P., empowers this Court to strike from any pleading any material which it finds to be "redundant, immaterial, impertinent, or scandalous."

- Claims Based on "groundless litigation".

Every one of Defendant's Counterclaims seeks damages to some degree as a result of the Plaintiffs' filing what Defendant Damon asserts is a baseless lawsuit.  But there are two claims here that Plaintiff specifically requests this Court to review. First, the **Second Counterclaim** seeks to state a cause of action imposing liability upon the Plaintiffs for filing "vexatious, spurious, groundless litigation."  Next, the **Fourth Counterclaim** seeks to impose liability upon the Plaintiffs for filing a "fraudulent and ridiculous pleading."

The undersigned counsel is not aware of any case or statutory law that makes either of these a recognized separate cause of action in their own right, and a sweep of Westlaw computerized research shows nothing in either Colorado or the federal realm (or elsewhere for that matter), supporting either of these Claims as separately recognized causes of action.[1]  Both of these claims should be dismissed as failing to state a claim recognized under either federal or Colorado law.

---

[1] In contrast, these terms are commonly used to seek awards under Rule 11, F.R.C.P. or C.R.C.P., or by statute in Colorado at the end of a case or dismissal of a claim.  See, §13-17-102 C.R.S. et seq.

Even if either of these claims might survive a 12(b)(6) motion, the two claims are redundant:  They both seek to impose liability for exactly the same behavior based on the same legal theory in two separate claims.

♦ <u>Claims based upon exposing Defendant Damon to unspecified dangers</u>.

It takes a moment to realize that Defendant Damon's counsel is probably referring to an Intentional Infliction of Emotional Distress claim (formerly referred to in Colorado as "Outrageous Conduct") in his Third Counterclaim ("Tort of Outrage").  Defendant Damon's term for the tort is used in some other States, but not here.  Specifically, this Defendant alleges that he has been "recklessly exposed" to "retaliatory conduct and injury" by others as a result of being named a Defendant in this suit by these Plaintiffs.  The Fifth Claim for Relief (styled as a defamation claim) parrots this same language ("exposed Damon to risk of bodily harm or death").

Intentional Infliction of Emotional Distress in Colorado is based upon *Rugg v. McCarty*, 476 P2d 753 (Colo. 1970), which recognized the tort and adopted it from the <u>Restatement (Second) of Torts</u> § 46(1) (1965).   The tort as recognized in Colorado involves intentionally engaging in outrageous conduct with the express intent of subjecting another to severe emotional distress, and as a consequence causing such distress.  See, *Espinosa v. Sheridan United Tire*, 655 P2d 424 (Colo. App.), *cert. denied* (1982).  Colorado Jury Instructions 4th – Civil (2000) at 23:1 therefore lists the elements of the tort as:

1.      The [actor] engaged in extreme and outrageous conduct;

2.      The [actor] did so recklessly or with the intent of causing the [claimant] severe emotional distress; and

3.      The [actor's] conduct caused the [claimant] severe emotional distress.

Mr. Damon argues that the Plaintiffs, by exercising what should be their acknowledged and otherwise fully lawful right to go to Court to seek a redress for grievances against Mr. Damon for his wrongful behavior against them, have somehow engaged in "outrageous conduct." The assertion is that this is outrageous because some other unnamed persons may at some point in the future potentially harm him in some undisclosed way.  He fails to allege any recognizable outrageous behavior *by these Plaintiffs*,[2] or that the actions were taken with the specific purpose of causing him severe emotional distress, or even that in fact he has suffered severe emotional distress.  Except for his own baseless paranoia, there is no meat to this claim, even on the face of it.  Defendant Damon's Third Claim For Relief is based on the "Tort of Outrage," and that portion of the Fifth Claim for Relief which alleges the same damage (that as a result of some undisclosed defamation, someone else may at some point in the future potentially harm Mr. Damon in some unspecified way), should both be dismissed from the Counterclaim as failing to state valid claims under Colorado law, and /or be stricken from the pleading as redundant and scandalous material.

**Motion for More Definite Statement.**

Rule 12 (e) F.R.C.P. provides that

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. . . [and] the court may strike the pleading to which the motion was directed or make such order as it deems just.

---

[2] In fact, his claim posits that everything the Plaintiffs say in their Complaint is true.  How this rises to a level of outrageous behavior is not made clear.

Counsel for the Plaintiffs here suggests that the Second, Third, and Fifth Counterclaims in Defendant Damon's pleading are so deficient in putting the Plaintiff upon adequate notice of the specific behavior about which he is complaining, that the Plaintiffs would be unfairly forced to expend monies and discovery efforts to even begin to determine what Mr. Damon is claiming. Rule 8(a) F.R.C.P. requires that the Defendant in a Counterclaim at least make a meaningful "statement of the claim showing that the pleader is entitled to relief." Rule 9 F.R.C.P. requires that special damages be pleaded with specificity.

In this case, the Second Claim for Relief is exactly 21 words long.  It is grossly in the form of a conclusion, without any effort to set forth any facts forming the basis of a claim. While a "did to" sort of claim can be answered with a "did not" form of denial, it seems more helpful to all concerned, including the Court, if the Defendant could spell out in some detail what the claim says the Plaintiffs did or didn't do in a meaningful way.  As it now stands, it appears the entire Complaint should be deemed spurious (even the allegations admitted to by Defendant Damon).

Defendant's Third Claim uses more words, but the result is very nearly the same.  Mr. Damon seems to claim that he has already suffered some retribution of some sort.  What "injuries have already occurred," by whom were they inflicted, when and where were they inflicted, and how is it that these injuries can legally be laid at the feet of the Plaintiffs?  The Plaintiffs are being asked to affirm or deny that some undisclosed person or persons may have done some undisclosed damage to the Defendant, on an undisclosed date, in an undisclosed location, all apparently as a result of reading something (again undisclosed) in the original Complaint in this action.

Finally, with respect to the Fifth Claim of Relief in Defendant Damon's Counterclaim, the claim only generally alleges a defamation, without stating anywhere what the offending words were, when or where they were published, to whom, or how, even in a general sense, they caused the Defendant any damage.

In order for these Plaintiffs to meaningfully respond to the Second, Third, and Fifth claims for Relief in Defendant Damon's Counterclaim, assuming they survive the other motions here filed, these claims need to be expanded into more than just bare bones legal conclusions without underlying facts being alleged.

## REPLY TO DEFENDANT DAMON'S COUNTERCLAIMS

Defendant Damon's Counterclaims lack any itemized paragraph numbers, in violation of Rule 10(b) F.R.C.P.  Nevertheless, in a good faith effort to properly reply, and subject to the foregoing motions, which are incorporated into this Reply as though set forth at this point in full, the Plaintiffs state as follows:

1.      Plaintiffs deny Defendant Damon's Counterclaim of Abuse of Process (First Counterclaim).  Neither these Plaintiffs nor their counsel have ever approached Defendant Damon or his counsel to have him testify against anyone.

2.      With regard to Defendant Damon's Counterclaim of alleging "vexatious, spurious, and groundless litigation" (Second Counterclaim), Plaintiffs restate and reallege all of the foregoing motions as though the same were set forth at this point in full.  This claim fails to state a claim for relief under any applicable law, and even if this Court finds that it might do so, in broad strokes, these Plaintiffs are not able to meaningfully frame a response to said claim given that it lacks sufficient detail to determine what is and isn't being alleged here.

3.      With regard to Defendant Damon's Counterclaim alleging the "Tort of Outrage" (Third Counterclaim), Plaintiffs restate and reallege the foregoing motions as though they were set forth at this point in full.  This claim also fails to state a claim for relief under any applicable law, and even if this Court finds that it might do so, in broad strokes, these Plaintiffs are not able to meaningfully frame a response to said claim given that it lacks sufficient detail to determine what is being alleged here or how any of this should result in liability for these Plaintiffs.

4.      With regard to Defendant Damon's Counterclaim alleging Fraudulent and Ridiculous Pleading (Fourth Counterclaim), Plaintiffs restate and reallege the foregoing motions as though they were set forth at this point in full.  Further, Plaintiffs deny Damon's Counterclaim alleging Fraudulent and Ridiculous Pleading in full.

5.      With regard to Defendant Damon's Counterclaim alleging Defamation (Fifth Counterclaim), Plaintiffs restate and reallege the foregoing paragraphs as though they were set forth at this point in full.  This claim also fails to state a claim for relief under any applicable law, and even if this Court finds that it might do so, in broad strokes, these Plaintiffs are not able to meaningfully frame a response to said claim given that it lacks sufficient detail to determine what defamatory statements, etc., are being alleged here.

6.      These Plaintiffs stand ready to more fully respond to the claims of Mr. Damon, as and when necessary as provided under the Federal Civil Rules and the Orders of this Court.

## GENERAL DENIAL

7.      To the extent that any of the allegations of Defendant Damon's Counterclaims may be deemed not yet answered by this pleading and for which an answer is at this time required, the same are hereby expressly denied.

## **AFFIRMATIVE DEFENSES**

8.      Defendant Damon's Counterclaims each fail to state a claim for which relief may be granted under either Colorado or federal law.

9.      Defendant Damon's Counterclaims are wholly frivolous, groundless, and vexatious as defined in § 13-17-101 C.R.S., et seq., and Rule 11 F.R.C.P., and should establish a right in the Plaintiffs to an award of attorney's fees for having to respond.

10.     Plaintiffs are entitled to privilege and/or immunity as to the alleged statements made.

11.     Plaintiffs and their counsel have a Constitutional First Amendment Right to Freedom on Speech, which Defendant Damon is seeking to chill by his allegations of liability here.

12.     Truth.

13.     Lack of Malice, both as to a general denial of Defendant's claims and as a mitigating action as to any damages as may be alleged.

14.     Failure to join the newspaper involved as a party as to all defamation allegations. F.R.C.P. Rule 19.

15.     Failure to plead special damages with specificity.  F.R.C.P. Rule 9.

16.     Any defamatory statements allegedly made by any "agent" of the Plaintiffs, were actually made while that person was acting in a capacity as an Independent Contractor in this matter, and do not properly place liability upon the Plaintiffs.

17.     In the prayer clause at the end of his State-based Counterclaims, Defendant Damon has violated § 13-21-102 (1.5)(a) C.R.S. by requesting exemplary damages in his initial claim for relief.

Respectfully submitted this 24th day of May, 2007.

s/ James A. Reed_____
James A. Reed
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO  80903
Tel. (719) 636-9343 / Fax (719) 633-2355
***Attorney for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 24th day of May, 2007, the foregoing PLAINTIFFS' MOTION TO STRIKE; MOTION FOR MORE DEFINITE STATEMENT; MOTIONS TO DISMISS; and PLAINTIFFS' REPLY TO DEFENDANT DAMON'S COUNTERCLAIMS document was served via email/ECF upon the following

| *Attorney for Defendants County of Park, Wegener, Gore, Flint and Groome:* | *Attorney for Defendants Damon and Whiteowl:* |
|---|---|
| Andrew D. Ringel | Steven U. Mullens |
| Hall & Evans, L.L.C. | 105 East Moreno Avenue |
| 1125 17th Street, Suite 600 | Colorado Springs, CO  80903 |
| Denver, CO  80202-2052 | Sumullens@aol.com |
| Ringela@hallevans.com | |

s/  Julia Vendeland_____