FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 16 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-000371-RPM-MEH

CHARLES CALDWELL, and
VICKI CALDWELL,

Plaintiffs,

v.

THE COUNTY OF PARK, a body corporate and politic and a political subdivision of the State of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT,
STEVEN GROOME,
SHAWNA WHITEOWL, and
MARK DAMON

Defendants.

---

**SCHEDULING ORDER**

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference in this matter was held before Senior Judge Richard P. Matsch on August 16, 2007 at 11:30 a.m. at Courtroom A, the Byron White United States Courthouse, 18th and Stout Streets, Denver, Colorado.

The following have appeared as counsel on behalf of the parties:

James A. Reed
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO 80903
Tel: (719) 636-9343
*Counsel for Plaintiffs Charles Caldwell and Vicki Caldwell*

Andrew D. Ringel
Hall & Evans, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202-5817
Tel. (303) 628-3453
Fax (303) 293-3238
*Attorney for Defendants Park County, Fred Wegener, Monte Gore, Gregory S. Flint and Stephen Groome*

Richard Lamphere
Steven U. Mullens, P.C.
PO Box 2940
105 East Moreno Avenue
Colorado Springs, CO 80901-2940
Tel. (719) 632-5001
Fax (719) 473-2299
*Attorney for Defendant Shawna Whiteowl*

Michael Obernesser
Dennis Hartley
1749 South 8th Street, Suite 5
Colorado Springs, CO 80906
*Attorney for Defendant Mark Damon*

**2. STATEMENT OF JURISDICTION**

This action arises under 42 U.S.C. §§ 1983, 1985 and 1988. Accordingly, this Court has Federal jurisdiction over the court claim in this case. *See*, 28 U.S.C. §§ 1331 and 1343(a)(1). This Court has supplemental jurisdiction over Plaintiffs' pendent State law claims pursuant to 28 U.S.C. § 1367(a).

**3. STATEMENT OF CLAIMS AND DEFENSES**

a. *Plaintiff:* This case arises from the firing by Park County, State of Colorado, of both Plaintiffs, who had been employees of the Park County Sheriff's Office. Plaintiffs here sue Park County and each of the individual Defendants under 42 U.S.C. §§ 1983, 1985 and 1988, alleging that the Plaintiffs were discharged on mere pretextual grounds, in retaliation for their exercise of their First Amendment rights of speech and assembly, and the right to petition the

government in the form of supporting candidates of their choice for public office. The Plaintiffs allege that not only have they been slandered and libeled as part of a fraudulent "investigation" done against them by Park County and its officials, but that the Plaintiffs have been deprived of liberty interests without due process of law, never being given any opportunity in a meaningful hearing to refute the wholly false and severely damaging information related in the report of this investigation. The federal allegations against Defendants Whiteowl and Damon are that they willfully participated in joint activity with the County Defendants in order to deprive the Plaintiffs of their liberty interests. After terminating these Plaintiffs' employment with the Park County Sheriff's Office, these Defendants then caused this defamatory report to be published wrongfully both in the personnel records of the Plaintiffs and to a local public newspaper, causing their good names, reputations, honor and integrity to be impugned, affecting their future employability as well.

State law causes of action claimed in this matter include Defamation, Intentional Infliction of Emotional Harm, Invasion of Privacy, and an Unpaid Wage Claim.

b.      *Park County, Fred Wegener, Monte Gore, Gregory S. Flint and Stephen Groome (collectively the "Park County Defendants"):* Park County Defendants deny Plaintiffs state any cognizable claim against these Defendants or that Plaintiffs are entitled to any damages from these Defendants of any kind. As defenses and affirmative defenses, Defendants assert the following: (1) Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted against the Park County Defendants; (2) All or part of Plaintiffs' claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted; (3) The injuries and damages sustained by Plaintiffs, in whole or in part, were proximately caused

by their own acts or omissions and/or the acts or omissions of third parties over whom the Park County Defendants have no control or right of control; (4) Defendants Fred Wegener, Monte Gore, Gregory Flint and Stephen Groome in their individual capacities are entitled to qualified immunity for all of Plaintiffs' claims of constitutional violations: (5) Plaintiffs were deprived of no well-settled liberty or property interest and they were afforded all the rights, privileges and immunities guaranteed by the Constitution, and no constitutionally protected interest is impugned in relation to any of Plaintiffs; (6) Plaintiffs' claims against the Park County Defendants are barred, in whole or in part, due to a failure of personal participation on the part of some or all of the individual Park County Defendants; (7) On information and belief, Plaintiffs have failed to mitigate their damages, if any; (8) Plaintiffs' claims under Colorado law are barred, limited or controlled pursuant to the Colorado Governmental Immunity Act, C.R.S. § 24-10-101 *et seq.* and other elements of Colorado law; (9) Park County Defendants are not nor could they become liable for any punitive damages pursuant to any law on the basis of any allegations attempted in this matter; (10) Plaintiffs' injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Park County Defendants, nor were they proximately caused by or related to any act of Park County Defendants; (11) Plaintiffs' claim for punitive damages, if any, is barred, reduced, or in the alternative, unconstitutional and a violation of the individual Park County Defendants' rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Further, any claim for punitive damages against Park County or any of the individual Park County Defendants in any official capacity is precluded under federal law; (12) At all times pertinent herein, Park County Defendants acted in accordance with all common law, statutory and constitutional obligations

and without any intent to cause Plaintiffs harm; (13) Park County Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution; (14) Some or all of the Park County Defendants are not proper parties for some or all of the Plaintiffs' claims; (15) All actions of Park County Defendants taken with respect to Plaintiffs were taken in good faith and were reasonable under the circumstances and no action taken by any of the Park County Defendants related to any "protected activity" of the Plaintiffs; (16) All actions of Park County Defendants taken with respect to Plaintiffs' employment were taken in good faith and were reasonable under the circumstances; (17) All actions taken by the individual Park County Defendants with respect to Plaintiffs' employment were reasonable under the circumstances, taken in the course and scope of their employment, in the good faith performance of their duties, for legitimate business reasons, for the purpose of serving Park County, and in the good faith belief that they acted in compliance with applicable laws and regulations, and all such actions were based on legitimate factors, with no action taken in relation to any "protected activity" of the Plaintiffs; and (18) Park County Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

  c. *Defendant Shawna Whiteowl:* Defendant Whiteowl denies each and every allegation as set forth in the complaint, asserts that the Plaintiffs have failed to state a claim upon which relief may be granted and further denies that Plaintiffs are entitled to any damages of any kind. Defendant Whiteowl asserts the following affirmative defenses: (1) Plaintiffs have failed to state a cause of action upon which relief may be granted; (2) Plaintiff Charles Caldwell's

claim for personal injuries is barred by the exclusive remedy doctrine pursuant to the Workers Compensation Act; (3) Defendant Whiteowl asserts that the Court does not have jurisdiction over the subject matter of Plaintiff Charles Caldwell's claim for personal injuries as that claim constitutes a claim for Workers Compensation benefits; (4) Defendant Whiteowl's comments are protected by the First Amendment; (5) Plaintiff's claims are barred by the Fellow Servant Rule; (6) Due to Defendant Whiteowl's nature as a "confidential informant", there was no public disclosure or publication of Defendant Whiteowl's comments.

Defendant Whiteowl has asserted counterclaims against Plaintiffs for Abuse of Process, Vexatious, Spurious and Groundless Litigation, Tort of harassment, Tort of Slander and claims more fully set forth in Whiteowl's Answer and Counterclaim.

Defendant Whiteowl specifically reserves the right to amend her Answer and Counterclaim to include additional; defenses, affirmative defenses and counterclaims as discovery progresses.

    d.    *Defendant Mark Damon:* Defendant Damon denies the material allegations of the complaint, states that Plaintiffs have failed to state any cognizable claim, and denies that Plaintiffs are entitled to any damages of any kind. As defenses and affirmative defenses, Defendant asserts the following: (1) Plaintiffs have failed to state a claim upon which relief may be granted; (2) Due to Defendant's nature as a confidential informant, there was no public disclosure or publication of Defendant's comments; (3) Defendant's comments are protected by the First Amendment; (4) Plaintiffs' claims are barred by the Fellow Servant Rule; (5) Plaintiffs' claims are barred by the Worker's Compensation Act.

Defendant has asserted counterclaims against Plaintiffs for Abuse of Process; Vexatious, Spurious and Groundless Litigation; Tort of Outrage; Fraudulent and Ridiculous Pleading; and Defamation.

Defendant specifically reserves the right to amend his Answer and Counterclaim to include additional defenses and affirmative defenses pending discovery.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The plaintiffs were employees of the Park County Sheriff's Office, Park County, Colorado.

2. Plaintiff Charles Caldwell was terminated from his employment by the Sheriff of Park County on February 22, 2006.

3. Fred Wegener is the elected Sheriff of Park County.

4. Monte Gore is the Undersheriff of Park County.

5. Gregory S. Flint was a Detective with Park County and still works for Park County.

6. Stephen Groome was the County Attorney of Park County.

## 5. COMPUTATION OF DAMAGES

a. As of the present time, the Plaintiffs compute their losses as follows:

Past and Future Salary loss-- (Mr. Caldwell) –
$18,600.00 per year for the remainder of
Mr. Caldwell's worklife. Est. Total: **$186,000.00.**

-- (Mrs. Caldwell) -- $9,300.00 per year for
three years. Total: **$27,900.00.**

Pain and Suffering / Emotional Distress (past and future)

| | | | |
|---|---|---|---|
| | --$125,000.00 *each.* | Total: | **$250,000.00.** |
| Damage to Reputation | -- (past and future) $35,000.00 each | Total: | **$70,000.00.** |
| Consortia Right Loss | -- (past and future) $35,000.00 each | Total: | **$70,000.00.** |
| Attorney's Fees | -- to extent awardable under 42 USC 1983: | Est: | **$100,000.00.** |
| Fine under Criminal Justice Records Act | -- (see 24-72-305(7) C.R.S.). at $25.00 / day from May 15, 2006 as of today applied to Mr. Groome only. | | **$2,400.00** |
| **Grand Total of Claim** | | | **$706,300.00.** |

b. Park County Defendants are not claiming any damages against the Plaintiffs at this time. However, the Park County Defendants reserve their right to seek their attorneys fees and costs under applicable federal and Colorado law.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED.R.CIV.P. 26(f)

a. The parties conducted a meeting pursuant to Fed. R. Civ. P. 26(f) on July 30, 2007.

b. Participants in the meetings were as follows:

1. James A. Reed (*Counsel for Plaintiffs*)
2. Andrew D. Ringel (*Counsel for the Park County Defendants*)
3. Rich Lamphere (*Counsel for Defendant Whiteowl*)
4. Dennis Hartley (*Counsel for Mark Damon*)

c. The parties do not have any changes in the timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).

d. Each party's Rule 26(a)(1) disclosures will be made by **September 14, 2007**.

e. The parties have not made agreements to conduct informal discovery.

f. Plaintiffs do not believe that they will have a substantial amount of disclosure or discovery involving information maintained in electronic form. The Park County Defendants do not believe that they will have a substantial amount of disclosure or discovery involving information maintained in electronic form. Defendant Whiteowl does not believe that she will have a substantial amount of disclosure or discovery involving information maintained in electronic form. Defendant Damon does not believe that he will have a substantial amount of disclosure or discovery involving information maintained in electronic form.

The parties do not anticipate that there will be discovery disputes relating to electronic discovery.

The parties have not made agreements regarding asserting claims of privilege or of protection as to trial-preparation materials after production of computer-generated records because they do not anticipate that such claims will be an issue in this action.

## 7. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties, Amendment of Pleadings and Designation of Non-Parties at Fault:** **October 8, 2007**.

**b. Discovery Cut-Off:** **March 3, 2008**.

**c. Dispositive Motion Deadline:** **April 11, 2008**.

**d. Expert Witness Disclosure:**

(1) Plaintiffs anticipate calling experts in the fields of police investigation, psychology, and economic damages. The Park County Defendants anticipate potentially having experts in the following fields or disciplines: treating health care provider(s), police procedure; economics; vocational assessment; any area of claimed medical damages of the Plaintiffs; and in

any area of expertise where the Plaintiffs endorse an expert. Defendants Whiteowl and Damon anticipate calling no experts at this time, pending discovery.

(2) The parties propose limiting the use or number of expert witnesses to no more than four expert witnesses per group of parties, Plaintiff or Defendant.

(3) The parties shall designate all experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) no later than **January 14, 2008**.

(4) The parties shall designate all rebuttal experts and provide opposing counsel with all rebuttal expert information specified in Fed.R.Civ.P. 26(a)(2) no later than **February 14, 2008**.

(5) Notwithstanding the provisions of Fed.R.Civ.P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the Court.

**e. Deposition Schedule:**

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Charles Caldwell | | | 7 hours |
| Vicki Caldwell | | | 7 hours |
| Fred Wegener | | | 4 hours |
| Monte Gore | | | 4 hours |
| Gregory S. Flint | | | 4 hours |
| Steven Groome | | | 4 hours |
| Shawna Whiteowl | | | 4 hours |
| Mark Damon | | | 4 hours |

Counsel for all parties are working well together and will cooperate in setting a specific schedule for depositions.

**f. Interrogatory Schedule**

The parties propose submission of the written interrogatories at any time after the date of the Scheduling Conference. The parties propose responses to the written interrogatories within 30 days after receiving the written interrogatories. The last written interrogatories shall not be served upon any adverse party any later than **January 31, 2008**.

**g. Schedule for Request for Production of Documents**

The parties propose submission of requests for production of documents at any time after the date of the Scheduling Conference. The parties propose responses to the requests for production of documents within 30 days after receiving the requests for production of documents. The last written request for production of documents shall not be served upon any adverse party any later than **January 31, 2008**.

**h. Discovery Limitations**

(1) The parties propose to limit the number of depositions for any party group to the numbers provided by F.R.C.P. 31(a)(2).

(2) The parties do not propose any limits on the length of depositions.

(3) The parties do not propose to modify the presumptive numbers of depositions or interrogatories contained in the federal rules.

(4) The parties do not propose any limitations on the number of requests for production of documents and/or requests for admissions, which shall not exceed 30.

**i. Other Planning or Discovery Orders**

The parties do not have any other proposed orders concerning scheduling or discovery.

## 8. SETTLEMENT

Plaintiff and Defendants who appeared for the Rule 26(f) meetings have discussed the possibility of settlement. The parties have deferred continued settlement discussions until at least the commencement of written discovery. If the parties conclude that a settlement conference with a United States Magistrate Judge would be beneficial they will contact this Court for a referral to a Magistrate Judge for settlement purposes.

## 9. OTHER SCHEDULING ISSUES

a. The parties have been able to reach agreement on the discovery and scheduling issues discussed above.

b. The parties estimate that the jury trial will take 5 days.

## 10. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 16 day of August, 2007.

BY THE COURT:

Richard P. Matsch
United States Senior District Judge

SCHEDULING ORDER REVIEWED:

Approved as to form

James A. Reed, Esq.
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO 80903
Tel. (719) 636-9343
Fax (719) 633-2355
*Attorney for Plaintiffs Charles Caldwell and Vicki Caldwell*

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202-5817
Tel. (303) 628-3453
Fax (303) 293-3238
*Attorney for Defendants Park County, Fred Wegener, Monte Gore, Gregory S. Flint and Stephen Groome*

Steven U. Mullens, Esq.
Richard Lamphere, Esq.
Steven U. Mullens, P.C.
PO Box 2940
105 East Moreno Avenue
Colorado Springs, CO 80901-2940
Tel. (719) 632-5001
Fax (719) 473-2299
*Attorney for Defendants Shawna Whiteowl*

Dennis Hartley, Esq.
Michael Obernesser, Esq.
1749 South 8th Street, Suite 5
Colorado Springs, CO 80906
Tel. (719) 635-5521
Fax (719) 635-5760
*Attorney for Defendant Mark Damon*

SCHEDULING ORDER REVIEWED:

Approved as to form

James A. Reed, Esq.
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO 80903
Tel. (719) 636-9343
Fax (719) 633-2355
*Attorney for Plaintiffs Charles Caldwell and Vicki Caldwell*

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202-5817
Tel. (303) 628-3453
Fax (303) 293-3238
*Attorney for Defendants Park County, Fred Wegener, Monte Gore, Gregory S. Flint and Stephen Groome*

Steven U. Mullens, Esq.
Richard Lamphere, Esq.
Steven U. Mullens, P.C.
PO Box 2940
105 East Moreno Avenue
Colorado Springs, CO 80901-2940
Tel. (719) 632-5001
Fax (719) 473-2299
*Attorney for Defendants Shawna Whiteowl*

Dennis Hartley, Esq.
Michael Obernesser, Esq.
1749 South 8th Street, Suite 5
Colorado Springs, CO 80906
Tel. (719) 635-5521
Fax (719) 635-5760
*Attorney for Defendant Mark Damon*

SCHEDULING ORDER REVIEWED:

Approved as to form

James A. Reed, Esq.
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO 80903
Tel. (719) 636-9343
Fax (719) 633-2355
*Attorney for Plaintiffs Charles Caldwell and Vicki Caldwell*

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202-5817
Tel. (303) 628-3453
Fax (303) 293-3238
*Attorney for Defendants Park County, Fred Wegener, Monte Gore, Gregory S. Flint and Stephen Groome*

Steven U. Mullens, Esq.
Richard Lamphere, Esq.
Steven U. Mullens, P.C.
PO Box 2940
105 East Moreno Avenue
Colorado Springs, CO 80901-2940
Tel. (719) 632-5001
Fax (719) 473-2299
*Attorney for Defendants Shawna Whiteowl*

Dennis Hartley, Esq.
Michael Obernesser, Esq.
1749 South 8th Street, Suite 5
Colorado Springs, CO 80906
Tel. (719) 635-5521
Fax (719) 635-5760
*Attorney for Defendant Mark Damon*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of August 2007, I sent a true and correct copy of the foregoing **SCHEDULING ORDER** via United States Mail, first-class postage prepaid, and addressed to the following:

James A. Reed, Esq.
James A. Reed, P.C.
320 So. Cascade Avenue
Colorado Springs, CO 80903

Dennis Hartley, Esq.
Michael K. Obernesser, Esq.
Law Office of Dennis Hartley, P.C.
1749 S. Eighth Street, Suite 5
Colorado Sprigs, CO 80906

Steven U. Mullens, Esq.
Richard Lamphere, Esq.
Steven U. Mullens, P.C.
105 E. Moreno Avenue
Colorado Springs, CO 80903

Loree Trout
Loree Trout

H:\Users\RINGELA\park\Caldwell v. Park\Scheduling Order - Final.doc