IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-00371-RPM-MEH

CHARLES CALDWELL and
VICKI CALDWELL,

    Plaintiffs,

vs.

THE COUNTY OF PARK, a body corporate and politic and a political subdivision of the State of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT,
STEVEN GROOME,
SHAWNA WHITEOWL, and
MARK DAMON

    Defendants.

---

**DEFENDANTS MARK DAMON'S AND SHAWNA WHITEOWL'S JOINT MOTION FOR SUMMARY JUDGMENT**

---

## TABLE OF CONTENTS

INTRODUCTION .................................................. 2

STANDARD OF REVIEW FOR SUMMARY JUDGMENT .......... 3

ARGUMENT ...................................................... 4

    Plaintiffs Cannot Sustain a § 1983 Claim Against
    Defendants Damon and Whiteowl ........................... 4

        Violation of a Right Secured by the Constitution ........ 4

        Act Under Color of State Law .......................... 9

CONCLUSION .................................................... 13

# TABLE OF AUTHORITIES

Adickes v. S. H. Kress & Co.,
  398 U.S. 144 (1970) .................................................... 9

Allstate Ins. Co. v. Lewis,
  732 F. Supp. 1112 (D. Colo. 1990) ................................. 3

Arnold v. International Business Machines,
  637 F.2d 1350 (9th Cir. 1981) ...................................... 12

Benavidez v. Gunnell,
  722 F.2d 615 (10th Cir. 1983) ...................................... 12

Butler v. Goldblatt Bros., Inc.,
  589 F.2d 323 (7th Cir. 1978), *cert. denied*, 444 U.S. 841,
  100 S.Ct. 82, 62 L.Ed.2d 53 (1979) ............................. 11, 12

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ..................................................... 3

Cinel v. Connick,
  15 F.3d 1338 (5th Cir. 1994) .......................................... 5

Daniel v. Ferguson,
  839 F.2d 1124 (5th Cir. 1988) ....................................... 12

Grow v. Fisher,
  523 F.2d 875 (7th Cir. 1975) ....................................... 5, 7

Holdeman v. Consolidated Rail Corp.,
  649 F. Supp. 1188 (N.D. Ind. 1986), *aff'd.*, 840 F.2d 20 (7th Cir. 1988) ..... 5, 12

Kraemer v. Padgett,
  685 F. Supp. 1166 (D. Kan. 1987) .................................. 12

Lugar v. Edmondson Oil Co., Inc.,
  457 U.S. 922 (1982) ..................................................... 9

NCAA v. Tarkanian,
  488 U.S. 179 (1988) ................................................. 9, 10

Mark v. Furay,
  769 F.2d 1266 (7th Cir. 1985) ....................................... 12

Moore v. Marketplace Restaurant, Inc.,
    754 F.2d 1336 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 12

Occhino v. Lannon,
    150 F.R.D. 613 (D. Minn. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

Parker v. Hearn,
    695 F. Supp. 1421 (E.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

Sarmiento v. Texas Board of Veterinary Medical Examiners,
    939 F.2d 1242 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

Sims v. Jefferson Downs Racing Association,
    778 F.2d 1068 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

Taliaferro v. Voth,
    774 F. Supp. 1326 (D. Kan. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

Tarkowski v. Robert Bartlett Realty Co.,
    644 F.2d 1204 (7th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

United States v. Price,
    383 U.S. 787 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

West v. Atkins,
    487 U.S. 42 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4, 9

Wilson v. Titan Indemn. Co.,
    508 F.3d 971 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

Young v. Arkansas Children's Hosp.,
    721 F. Supp. 197 (E.D. Ark. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11, 12

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 9, 11, 12, 13

FED.R.CIV.P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 3

FED.R.CIV.P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

Defendants Mark Damon and Shawna Whiteowl (collectively referred to as the "Civilian Defendants" in Plaintiffs' Complaint), by and through their respective undersigned counsel, and pursuant to FED.R.CIV.P. 56, hereby submit this Joint Motion for Summary Judgment. In support of their motion, Defendants states as follows:

## I. INTRODUCTION

Plaintiffs Charles and Vicki Caldwell (hereinafter "Plaintiffs") initiated this action following the termination of Plaintiffs' employment at the Park County Sheriff's Office. Despite the fact that Plaintiffs have begrudgingly admitted that: (1) Charles Caldwell was officially terminated from his employment for lying on his job application (*see* Complaint at ¶ 12), and (2) Vicki Caldwell voluntarily resigned from her position at the Park County Sheriff's Office (*see* Complaint at ¶ 18), Plaintiffs have taken the position that they were *actually* terminated (Ms. Caldwell's resignation and a total lack of independent corroborating evidence notwithstanding) because of an investigation undertaken by Detective Flint into alleged criminal activity in the "Webber Park" area, a locale in which the Plaintiffs, Mr. Damon, and Ms. Whiteowl maintained residences. Plaintiffs have alleged that they were denied "a meaningful hearing to refute the wholly false and severely damaging information related in the report of this investigation." *See* Complaint at ¶ 1. It is the Plaintiffs' contention that the Defendants, Mr. Damon and Ms. Whiteowl, "willfully participated in joint activity" with the Park County Sheriff's Office to "violate the Plaintiffs' due process rights." As such, Plaintiffs have filed a 42 U.S.C. § 1983 action against Mr. Damon, Ms. Whiteowl, and their fellow defendants.[1] This Motion for Summary Judgment concerns Plaintiffs' claim for relief under § 1983. For the reasons set forth

---

[1] Defendants Damon and Whiteowl are similarly situated and the allegations made against them are virtually identical, namely that Damon and Whiteowl told "Detective Flint a number of patently false and slanderous things about the Plaintiffs in order to have him convey these mistruths to his superiors, all with the design of getting the Plaintiffs fired from their jobs." *See* Complaint at ¶ 11.

2

below, Defendants Damon and Whiteowl are entitled to summary judgment as a matter of law in regard to Plaintiffs' § 1983 claim.

## II. THE STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, establish that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56; *Wilson v. Titan Indem. Co.*, 508 F.3d 971 (10th Cir. 2007); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 323.

When the party moving for summary judgment has successfully carried the burden of establishing the absence of a genuine issue of material fact, the burden shifts to the non-moving party to establish specific facts showing that there is a genuine issue for trial. *Allstate Ins. Co. v. Lewis*, 732 F. Supp. 1112, 1114 (D. Colo. 1990). The non-moving party may not rely merely on allegations in its own pleadings; rather, its response must set out specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Celotex Corp.*, 477 U.S. at 324 (non-moving party must, by its own affidavits or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial).

## III. ARGUMENT

### A. Plaintiffs Cannot Sustain a § 1983 Claim Against Defendants Damon and Whiteowl

In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In the present case, Plaintiffs have sought to satisfy these elements by alleging that the Defendants, Damon and Whiteowl, were "willful participants in joint activity with the Defendant officials and officers of Park County, with the intent to violate the Plaintiffs' due process rights." *See* Complaint at ¶ 32. However, as is demonstrated in more detail below, the Plaintiffs have failed to establish either that Mr. Damon or Ms. Whiteowl violated the Plaintiffs' constitutional rights or that Mr. Damon or Ms. Whiteowl acted "under color of state law."

#### 1. Violation of a Right Secured by the Constitution

It is not within the purview of this Motion for Summary Judgment to say whether or not the Plaintiffs have managed to state a § 1983 claim against the other defendants in this action. The present Motion is only concerned with the fact that the Plaintiffs have failed to set forth any allegation that Mr. Damon or Ms. Whiteowl violated the constitutional rights for which Plaintiffs seek redress. By examining Plaintiffs' allegations piece by piece, it becomes clear that any constitutional violation claimed by Plaintiffs was committed, if at all, by the "County Defendants," and not by Defendants Damon or Whiteowl. Plaintiffs' First Claim for Relief alleged the following:

> Detective Flint and the civilian Defendants acted in concert as part of a joint activity to place defamatory information before the public employer of the Plaintiffs, and the County Defendants thereafter acted in concert to use this defamatory information to terminate the employment of the Plaintiffs, in the process denying them due process guaranteed them by the United States

4

> Constitution, Amendments 5 and 14, damaging not only their present employment status, but compromising their future employability as well, in an effort to chill these Plaintiffs' rights under the First Amendment to the United States Constitution to support a candidate for the office of Sheriff which these Defendants opposed.

*See* Complaint at ¶ 33.

Plaintiffs first allege that Defendants Damon and Whiteowl "acted in concert" with Detective Flint "as part of a joint activity to place defamatory information before the public employer of the Plaintiffs." However, apart from these conclusory allegations, Plaintiffs have failed to identify any evidence which would support a claim that either Defendant Damon or Whiteowl had entered into a conspiracy with Detective Flint, or any other member of the Park County Sheriff's Office for that matter, to violate the Plaintiffs' constitutional rights. As noted by the court in *Grow v. Fisher*, 523 F.2d 875, 878-79 (7th Cir. 1975):

> [E]ven if we were to assume [...] that the "in concert" allegation was sufficiently specific to support a claim of conspiracy, there still must be some basis more than conclusionary allegations that there was an agreement under color of state law to violate the plaintiff's constitutional rights, privileges or immunities.

*See also Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985) ("in order to establish a conspiracy, the plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights"); *Holdeman v. Consolidated Rail Corp.*, 649 F. Supp. 1188, 1196 (N.D. Ind. 1986) ("[Bare] allegations of certain statements by a defendant without any other proof of a conspiracy, are insufficient to sustain a conspiracy claim. [...] A party cannot merely cry 'conspiracy' and throw itself on the mercy of the jury"); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) ("To support his conspiracy claims, Appellant must allege facts that suggest: 1) an agreement between

5

the private and public defendants to commit an illegal act, and 2) an actual deprivation of constitutional rights").

In the present case, Plaintiffs have failed to produce any evidence of a "conspiracy" between Defendants Damon and Whiteowl and any member of the Park County Sheriff's Office to deprive Plaintiffs of their constitutional rights. In fact, when asked to provide the factual basis for the allegation that Mr. Damon provided information to Detective Flint "in order to have [Detective Flint] convey those mistruths to his superiors, all with the design of getting Plaintiffs fired from their jobs" (*see* Complaint at ¶ 11), Plaintiffs responded: "It is logical to believe that the Sheriff's Office investigators have to report illegal acts alleged against Sheriff's Office employees to their supervisors" and that "It is logical to believe that any Sheriff's Office employee, against whom allegations of criminal wrongdoing are made, stands to lose his job as a result of the allegations." *See* Plaintiffs' Responses to Interrogatories No. 6 and 7, attached hereto as Exhibit 1.

Notably absent from Plaintiffs' response was **any evidence** which would indicate: (1) an agreement to violate Plaintiffs' constitutional rights; (2) Mr. Damon's intent to place the information in front of Plaintiffs' employers; or (3) Mr. Damon's intent to effect the Plaintiffs' employment. Plaintiffs' responses to Mr. Damon's discovery requests have sought to do nothing other than parrot the allegations of the Complaint while adding small doses of Plaintiffs' own brand of "logic."

Similarly, during the deposition testimony of Defendant Whiteowl, Plaintiffs failed to elicit any testimony that would establish that any of the statements made by Ms. Whiteowl to Detective Flint were made with the intent to affect the ongoing employment of the Plaintiffs, or that there was any agreement between Defendant Whiteowl, Damon and Detective Flint to

deprive Plaintiffs of any constitutional rights. *See* Deposition transcript of Shawna Whiteowl, attached hereto as Exhibit 2.

Plaintiffs' misplaced reliance on the allegations of the Complaint, coupled with their failure to "set out specific facts" or present any evidence that these Defendants conspired in any way has doomed Plaintiffs' due process claim and requires summary judgment be granted in favor of Mr. Damon and Ms. Whiteowl.

In addition to alleging a conspiracy between Mr. Damon, Ms. Whiteowl and Detective Flint, Plaintiffs' First Claim for Relief goes on to allege yet *another* conspiracy by the "County Defendants," claiming that they "acted in concert to use [the information provided by Mr. Damon, Ms. Whiteowl and Detective Flint] to terminate the employment of the Plaintiffs" at the Park County Sheriff's Office.[2]  According to the Plaintiffs, the actions of the "County Defendants," in terminating Plaintiffs' employment, violated their due process rights. This allegation is also echoed in the first paragraph of the Complaint, in which Plaintiffs claimed that they "have been deprived of liberty interests without due process of law, never have been given the opportunity in a meaningful hearing to refute the wholly false and severely damaging information related in the report of this investigation." *See* Complaint at ¶ 1.[3]

Apart from the fact that the allegations against Mr. Damon, Ms. Whiteowl and the "County Defendants" are contained in the same run-on sentence, there is absolutely no connection between Mr. Damon's and Ms. Whiteowl's actions as confidential informants and the denial of due process as claimed by the Plaintiffs. Plaintiffs' due process claim relates solely to

---

[2] Again, this allegation simply ignores the fact that Plaintiff Vicki Caldwell resigned from her position at the Park County Sheriff's Office. *See* Complaint at ¶ 18.
[3] While it is unclear whether Plaintiffs believe that Mr. Damon or Ms. Whiteowl were also involved in this second conspiracy, given their failure to allege any facts which would show that either of them entered into an agreement with the "County Defendants" to deprive Plaintiffs of their constitutional rights, this allegation also fails. *See Grow v. Fisher, supra.*

7

the fact that Plaintiffs were terminated from their employment at the Park County Sheriff's Office without being granted a "meaningful hearing" to refute the allegation that Charles Caldwell had lied on his application or to refute the information provided by Mr. Damon to Detective Flint. *See* Complaint at ¶¶ 1, 14.[4] **Plaintiffs have presented absolutely no evidence (undoubtedly because no such evidence exists) which would go to show that Mr. Damon or Ms. Whiteowl were involved, in any way, shape, or form, in denying the Plaintiffs a "meaningful hearing."** In the absence of such evidence, Plaintiffs simply cannot maintain an action against Mr. Damon or Ms. Whiteowl for violation of Plaintiffs' due process rights.

Finally, Plaintiffs' First Claim for Relief also contains rambling language alleging that "[Plaintiffs were terminated] in an effort to chill these Plaintiffs' rights under the First Amendment to the United States Constitution to support a candidate for the office of Sheriff that these Defendants opposed." It is unclear whether these allegations are even directed towards Mr. Damon or Ms. Whiteowl. To the extent that they are, Plaintiffs have failed to produce any evidence that would go to show that: (1) Mr. Damon or Ms. Whiteowl were involved in the decision to terminate Mr. Caldwell; (2) Mr. Damon or Ms. Whiteowl even knew that there was another candidate running for Sheriff at the time they provided information to Detective Flint; (3) Mr. Damon or Ms. Whiteowl had knowledge that Plaintiffs intended to support said candidate at the time they provided information to Detective Flint; or (4) Mr. Damon or Ms. Whiteowl were opposed, in some fashion, to that candidate holding the office of Sheriff of Park

---

[4] It is of vital importance not to lose sight of the fact that the official reason for Mr. Caldwell's termination was that he had lied on his job application. Plaintiffs could no sooner argue that Mr. Damon or Ms. Whiteowl had a hand in denying Plaintiffs a hearing to refute that allegation as they could assert that they wielded the power to deny them a hearing in regard to his allegations of criminal wrongdoing. In fact, Defendants Wegener, Gore and Flint all testified during their depositions that these Civilian Defendants did not work for the Sheriff's office and did not make decisions regarding the termination of Sheriff's office employees.

8

County. In the absence of such evidence, Plaintiffs cannot maintain an action against Mr. Damon or Ms. Whiteowl for their efforts to "chill" Plaintiffs' rights under the First Amendment.

In light of all of the above, it is clear that Plaintiffs have failed to state a claim that Defendants, Mark Damon or Shawna Whiteowl, violated their constitutional rights. As such, Defendants Damon and Whiteowl are entitled to summary judgment on Plaintiffs' First Claim for Relief.

### 2. Act Under Color of State Law

In addition to showing that Mr. Damon and/or Ms. Whiteowl had somehow violated their constitutional rights, Plaintiffs must also prove that in so doing, Mr. Damon and/or Ms. Whiteowl acted "under color of state law." *West v. Atkins*, 487 U.S. at 48. Although the plain language of 42 U.S.C. § 1983 provides for a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place as a result of "state action,"[5] the United States Supreme Court has provided for a cause of action against private individuals when certain standards are met. *See, e.g., United States v. Price*, 383 U.S. 787 (1966);[6] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982). In *Lugar*, the Court held that private defendants act "under color of state law" within the meaning of § 1983 if their actions are "fairly attributable to the state." *Id.* at 937. This requirement is satisfied, the Court held, if two conditions are met. First, the "**deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.**" *Id.* (emphasis

---

[5] "When Congress enacted § 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred under color of state law; thus liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

[6] *U.S. v. Price* is believed to be the originator of the "willful participant in a joint activity" language relied upon by the Plaintiffs in their complaint. As stated by the court in *Price*: "To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." 383 U.S. at 794.

9

added). Second, the party charged with the deprivation must have "acted together with or … obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id.*

Applying these standards to the present case, it becomes clear that Defendants Damon and Whiteowl did not act "under color of state law." First and foremost, it is the "deprivation" of a constitutional right that must be caused by a person for whom the State is responsible. It is not enough simply to allege that Mr. Damon and Ms. Whiteowl "acted in concert" with Detective Flint, when that concerted action did not result in the deprivation of Plaintiffs' constitutional rights. Again, according to Plaintiffs' own allegations: "Plaintiffs have been deprived of liberty interests without due process of law, never been given any opportunity in a meaningful hearing to refute the wholly false and severely damaging information related in the report of this investigation." *See* Complaint at ¶ 1. Plaintiffs also claim "At no time was Mr. Caldwell given a meaningful opportunity to refute the false allegation that he had lied [on his application]." *See* Complaint at ¶ 14. Plaintiffs have made no allegation, nor could they support one, that Mr. Damon or Ms. Whiteowl were involved, in any fashion, in the decision to deny Plaintiffs a "meaningful hearing" in regard to either the allegations of criminal conduct or to the mistruths contained in his employment application.[7]

Numerous federal and state courts throughout the United States have addressed this issue in regard to situations with factual parallels to the present case. Overwhelmingly, these cases have held that individuals such as Mr. Damon and Ms. Whiteowl were not "acting under color of

---

[7] Simply because Plaintiffs consider Mr. Damon's and/or Ms. Whiteowl's conduct to be objectionable does not mean that such conduct rises to the level of a constitutional violation. As the Supreme Court held in *NCAA v. Tarkanian*: "Embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and **private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be.** [citations omitted] As a general matter the protections of the Fourteenth Amendment do not extend to 'private conduct abridging individual rights.'" 488 U.S. at 191 (emphasis added).

10

state law" for purposes of § 1983 when they provided information to law enforcement or other state officials. For example, in *Young v. Arkansas Children's Hospital*, 721 F. Supp. 197 (E.D. Ark. 1989), the plaintiff had filed a § 1983 suit against the hospital based on the fact that hospital employees had furnished information relating to possible child abuse to the appropriate state agencies. In denying the plaintiff's claim, the court held:

> [T]he mere furnishing of information by a private party to a law enforcement official, **even if the information is false**, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983. [citation omitted] Nor is merely testifying at trial sufficient to state a § 1983 claim.

*Young*, 721 F. Supp. at 198 (emphasis added). The court came to the same conclusion in *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323 (7th Cir. 1979), where various employees filed a civil rights action against their former employer for providing information to the police. In denying the plaintiffs' claims, the court held:

> [W]e are again unable to find in the record any significant evidence to suggest that [defendant] did **anything more than supply information to police officers who then acted on their own initiative** in arresting [plaintiff]; and we decline to hold that the mere act of furnishing information to law enforcement officers constitutes "joint (activity) with state officials in the Prohibited action [...]."

*Butler*, 589 F.2d at 327 (emphasis added). Similarly, in *Occhino v. Lannon*, 150 F.R.D. 613 (D. Minn. 1993), the plaintiff alleged:

> Without cause or justification and with intent to deprive plaintiff of his federal and state constitutional rights [...] defendant Tallberg called the police department and complained to the department about plaintiff's [activities].

*Id.* at 616. In denying the plaintiff relief, the court held: "It is universally recognized, however, that the mere furnishing of information to police officers does not constitute joint action under

11

color of State law which renders a private citizen liable under Section 1983." *Id.* at 623. In support of this statement, the court cited to the following cases: *Sarmiento v. Texas Board of Veterinary Medical Examiners*, 939 F.2d 1242, 1246 n. 5 (5th Cir. 1991); *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988); *Sims v. Jefferson Downs Racing Association*, 778 F.2d 1068, 1078-79 (5th Cir. 1985); *Mark v. Furay*, 769 F.2d 1266 (7th Cir. 1985); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983); *Arnold v. International Business Machines*, 637 F.2d 1350 (9th Cir. 1981); *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 326-27 (7th Cir. 1978), *cert. denied*, 444 U.S. 841, 100 S.Ct. 82, 62 L.Ed.2d 53 (1979); *Taliaferro v. Voth*, 774 F. Supp. 1326, 1331 (D. Kan. 1991); *Young v. Arkansas Children's Hosp.*, 721 F. Supp. 197, 198 (E.D. Ark. 1989); *Parker v. Hearn*, 695 F. Supp. 1421, 1425 (E.D.N.Y. 1988); *Kraemer v. Padgett*, 685 F. Supp. 1166, 1168 (D. Kan. 1987); *Holdeman v. Consolidated Rail Corp.*, 649 F. Supp. 1188, 1196 (N.D. Ind. 1986), *aff'd*, 840 F.2d 20 (7th Cir. 1988).

All of the above-referenced cases stand for virtually the same proposition that Defendants, Mark Damon and Shawna Whiteowl, proffer to this Court today, namely: the mere furnishing of information to Detective Flint for purposes of his investigation does not elevate their conduct to the level of "acting under color of state law" for purposes of § 1983. As such, Plaintiffs have failed as a matter of law to establish their claim against either Mr. Damon or Ms. Whiteowl under § 1983. Therefore, both Mr. Damon and Ms. Whiteowl are entitled to summary judgment on Plaintiffs' First Claim for Relief.

## CONCLUSION

Plaintiffs have failed, as a matter of law, to satisfy the requirements of a § 1983 claim against Mark Damon or Shawna Whiteowl. Therefore, both Mr. Damon and Ms. Whiteowl are entitled to summary judgment on that claim.

WHEREFORE, for the foregoing reasons, Defendants Damon and Whiteowl respectfully request that this Court enter judgment in their favor as to Plaintiffs' First Claim for Relief.

Dated this 16th day of June, 2008.

Respectfully submitted,

LAW OFFICE OF DENNIS W. HARTLEY, P.C.

By: _____s/ Michael K. Obernesser_____
Michael K. Obernesser (#38766)
Attorneys for Defendant,
Mark Damon
1749 S. Eighth St., Ste. 5
Colorado Springs, CO 80906
(719) 635-5521

LAW OFFICE OF STEVEN U. MULLENS, P.C.

By: _____s/ Richard M. Lamphere_____
Richard M. Lamphere (#22144)
Attorney for Defendant,
Shawna Whiteowl
105 E. Moreno Ave.
Colorado Springs, CO 80903
(719) 632-5001

## CERTIFICATE OF SERVICE

I certify that on the 16th day of June, 2008 a true and correct copy of the foregoing **Defendants Mark Damon's and Shawna Whiteowl's Joint Motion for Summary Judgment** was filed via electronic filing which will serve same to the following:

James A. Reed, Esq.
JAMES A. REED, P.C.
320 S. Cascade Ave.
Colorado Springs, CO   80903
(719) 636-9343
Fax: (719) 633-2355
jreedpc@aol.com
Attorney for Plaintiffs,
Charles Caldwell and Vicki Caldwell

Andrew D. Ringel, Esq.
HALL & EVANS, LLC
1125 17th St., Ste. 600
Denver, CO   80202-2052
(303) 628-3453
Fax: (303) 628-3238
ringela@hallevans.com
Attorneys for Defendants,
Fred Wegener, Monte Gore,
Gregory Flint and Stephen Groome

_s/ Robyn Lornell_
Robyn Lornell
Paralegal
