**Park County Sheriff's Office**

# Memo

**To:** Under-Sheriff Monte Gore

**From:** Corporal Bobbi Priestly

**Date:** February 20, 2008

**Re:** Vickie Caldwell

In November 2005 I entered the Business Managers office to complete some paperwork early in the morning at approximately 7:45 AM. When I entered the office Vickie Caldwell had just arrived at the Sheriff's Office and was sitting at her desk with her jacket still on. I had several papers in my hand and she seemed alarmed that I just walked into the office.

I noticed that she had her left hand under the desk where the keyboard was located. I was asking her questions and was struggling to keep the papers I had in order. She never took her hand out from under the desk to assist me. I found it very odd. I gave her several opportunities to assist me and she never did. It seemed as though she had something hidden that she did not want me to see.

I left her office and walked into Sergeant Brown's office and advised him of the incident that just occurred. I was advised to go and speak with Under-Sheriff Monte Gore. After meeting with the Under-Sheriff he asked me to do a memo about the incident I had witnessed with Vickie Caldwell.

**DEPOSITION EXHIBIT**

49



EXHIBIT

**15**

Park-Caldwell 0715
Confidential

**Park County Sheriff's Office**

# Memo

**To:**     Vickie Caldwell

**From:**   Captain Monte Gore

**CC:**     file, county attorney, & Sheriff

**Date:**   11/17/2005

**Re:**     Administrative Leave

---

Mrs. Caldwell I had a meeting with you in my office in which I advised you that an allegation of suspicious activity had been made against you. I advised you that an ongoing investigation was taking place and you were directed to report to me any modifications, additions, or deletions that you had made to your computer. You were additionally advised that this was an ongoing investigation and that the Colorado Bureau of Investigation had been requested to investigate.    You made no comments concerning this conversation.

I then ordered you to report any communication that had with Don Anthony or Ed Rasch to me. You were also ordered to report to me any future communication, or requests made by either Don Anthony or Ed Rasch. You were ordered to report any communication even incidental that may occur. I even used the example of running into them at a grocery store. In any event you were directed to immediately contact me regarding any contact or communication.

I had Sergeant Muldoon witness my directive to you. This directive was clear, concise and deliberate.

On November 17, 2005 Cpl. Flint, and Sgt. Brown advised me that Don Anthony was in the lobby of the Sheriff's Office attempting to enter the secured area of the office. I immediately investigated and found that you were in the process of taking money from Don Anthony to reimburse the county for airfare expenditures that he had made back in June of this year.

Based on your own admission you had a conversation with Don Anthony the previous day, in our parking lot, in which you agreed to look up information. You then made arrangements to take payment from Don Anthony the next day. This was all done with out my knowledge or approval. Your actions are insubordinate and violate my very specific directive to you.

I am placing you on administrative leave. You are directed to notify me of any intention to leave the area. You are also directed to make yourself available for further investigation.

You are directed not to have any contact with anyone in the Sheriff's Office; I will be your only contact.

I understand this directive and will abide by it.

| | | |
|---|---|---|
| Captain Monte Gore | Vickie Caldwell | Sgt. Muldoon |

3J13

Park-Caldwell 0428
Confidential

1

**EXHIBIT**

**16**

37

## Park County Sheriff's Office

# Memo

**To:**   Undersheriff Gore

**From:**   Deputy Yoshi Goto

**CC:**   N/A

**Date:**   2/22/2008

**Re:**   Vicki Caldwell's Desktop Computer

On December 27, 2005, I created forensic data images from a Dell Desktop Computer, located in the former Park County Sheriff's Office Business Manager Vikki Caldwell's office.

During an initial forensic examination revealed the following:

Microsoft Office Applications and data files were not deleted from Caldwell's desktop computer as our IT personnel advised you, however, some basic Windows applications were deleted on December 27, 2005 before I took possession of her computer.

54 Microsoft Office related data files were possibly deleted from the Park County Server.

Several e-mails were sent and received regarding invoice from Ms. and Ms. Caldwell's personal business from her Sheriff's Office computer.

Detailed forensic examination confirmed the following:

Microsoft Office Applications and data files were not deleted from Ms. Caldwell's desktop computer as our IT personnel advised you, however, some basic windows applications were deleted on December 27, 2005 before I took over the possession of her computer.

On March 9, 2004 at about 7:56 am, Charles Caldwell sent an e-mail to rlromero@cybermesa.com regarding an invoice for "JUDO CLINIC" on April 3, 2004 for $400.00 from Ms. Caldwell's Sheriff's Office computer.

On March 9, 2004 at about 7:56 am, Ms. Caldwell sent an e-mail to rlromero@cybermesa.com requesting the address to send the original invoice to from her Sheriff's Office computer.

Sometimes after March 9, 2004, Ms. Caldwell received an e-mail from rlromero@cybermesa.com on her Sheriff's Office computer regarding a contact information where to send the original invoice.

On March 23, 2004, Ms. Caldwell received an e-mail from rlromero@cybermesa.com on her Sheriff's Office computer requesting Chuck's W-9 request and invoice contract for the amount of $787.10.



1

**EXHIBIT**

**17**

tabbies®

Park-Caldwell 0713
Confidential

On April 15, 2004 at about 1:01 pm, Ms. Caldwell sent an e-mail to rtafya@nnm.cc.nm.us from Sheriff's Office computer regarding payment request for Charles Caldwell's Martial Arts Clinic on April 3, 2004.

Ms. Caldwell saved invoice from her husband's personal business on the server. (H: Drive)

On December 27, 2005 and January 4, 2006, I requested Park County IT Department to grant me access to Ms. Caldwell's network drive.

On January 19, 2006, I was granted access to Ms. Caldwell's network drive and accessed her network drive to verify 54 Microsoft Office related data files and they were not deleted from the server.

I saved my forensic report, all Microsoft Word and Excel data files and e-mail files from Ms. Caldwell's desktop computer in an attached CD.

Park-Caldwell 0714
Confidential

# PARK COUNTY SHERIFF'S OFFICE
# POLICY AND PROCEDURE MANUAL

| *Effective Date*: 03-01-03 | *Approval:* | | *Number:* 320 |
|---|---|---|---|
| *Subject:* **CORRECTIVE AND DISCIPLINARY ACTION** | | | |
| *Reference:* | | *Standard:* | |
| *Chapter:*   III | | *Reevaluation Date:* | *No. Pages:* 5 |

I.  **PURPOSE:**  To provide guidance on the proper administration of corrective action and discipline to members of the Sheriff's Office.

II.  **DEFINITIONS:**

LEVEL I COMPLAINTS:  Serious policy violations such as Discrimination, Sexual Harassment, Violation of Laws, Use of Force, or allegations which may result in criminal charges and others at the direction of the Sheriff or Undersheriff.

LEVEL II COMPLAINTS:  Policy violations such as Disobedience to Orders, Performance of Duty, Conduct Unbecoming, or willful misconduct and repeated Level III complaints of the same type circumstance .

LEVEL III COMPLAINTS: Courtesy complaints of rudeness, disrespect, impartiality. Procedural complaints specifically related to the accused employees duty assignment such as handcuffing procedures or traffic stops, supervisory issues such as tardiness, minor procedure errors, traffic accidents, failure to report for court, minor sick time abuse.

INTERNAL AFFAIRS INVESTIGATION:  Internal Investigations conducted and documented by the Investigations Section.

PERSONNEL INVESTIGATIONS:  Internal Investigations conducted and documented by the accused employee's Chain of Command.

ADMINISTRATIVE LEAVE:  Relieved temporarily from duty with pay. It is not exclusive for pre-disciplinary situations.  Administrative leave will not be considered disciplinary action.

LETTER OF COUNSELING:  Memorandum documenting the accused employees verbal counseling of a policy violation.  The letter will be formatted as a standard memorandum titled "Letter of Counseling" and will contain a brief explanation of the circumstances surrounding the policy violation. This will be prepared by the employee's supervisor.

LETTER OF REPRIMAND:  Memorandum documenting the accused employee's reprimand of a policy violation.  The letter will be prepared by the accused employees Division Commander and formatted as a standard memorandum titled "Letter of Reprimand."  The letter will contain a brief explanation of the circumstances surrounding the policy violation.

PROBATION:  A review period not less than 30 days and not to exceed 90 days.  The Undersheriff may impose Probation when the accused employee willfully or intentionally violates Policy and Procedures, to include gross or wanton negligence in the performance of duty or when the employee's performance is unsatisfactory.  Performance Evaluations/ progress reports will be conducted at least every thirty days (30) days until the probation period ends.  One extension is permitted if equal or less that one/half (1/2) the original period.

**EXHIBIT**
**18**

SUSPENSION WITHOUT PAY: Relieved from duty for a specified number of days without pay or any other type of compensation.  Suspension without pay will only be authorized by the Sheriff or Undersheriff in the absence of the Sheriff.

DISCIPLINARY DEMOTION: Reduced by one level of rank.  Disciplinary demotion may be imposed when the accused employee willfully engages in misconduct or intentionally violates Policy and Procedure.  Disciplinary demotion will only be authorized by the Sheriff.

TERMINATION: Termination of employment with Office.  Only the Sheriff, or Undersheriff in the Sheriff's absence, may terminate an employee.

REMEDIAL TRAINING:  A form of discipline used to correct a specific deficiency. (See 412)

III. **POLICY:**  It is the policy of the Sheriff's Office to teach and correct the inappropriate behavior of the members through fair and consistent, disciplinary sanctions without regard to race, creed, color, sex, age, or national origin.  This will be accomplished by conforming to the established due process requirements.  Through a defined and formal process, the high standards of the Sheriff's Office will be maintained.

IV. **PROCEDURE:**

A.   DISCIPLINARY PROCESS:

Allegations of employee misconduct will be thoroughly investigated and documented.  In every case the accused employee will be advised of the allegations and be given the opportunity to provide a statement, either in written memorandum form or verbally in an interview.

1.   Level I, II
Upon completion of the investigation and a review by each member in the accused employee's Chain of Command, the investigation will be forwarded to the Investigations Section.

A)   The Investigations Section will submit the investigation to the Undersheriff.  The Undersheriff may:

1)  Agree with recommendations from the accused employee's Chain of Command.
2)  Reject the Chain of Command's recommendation (s).
3)  Request additional information.
4)  Recommend to the Sheriff disciplinary action to a lesser or greater level than the Chain of Command's recommendation.

B)  Upon the decision of the Undersheriff, the accused employee will receive a Notification of Finding.  The notification will contain the intended disciplinary action.  The accused employee may:

1)  Accept the disciplinary action as written.
2)  Appeal the decision to the Sheriff.

2.   Level III
Upon completion of the investigation and review by each member in the accused employee's Chain of Command, the investigation will be forwarded to the Undersheriff.

   A) The Undersheriff may:

      1) Agree with recommendations from the accused employee's Chain of Command.
      2) Reject the Chain of Commands recommendation (s).
      3) Request additional information.
      4) Administer disciplinary action to a lesser or greater level than the Chain of Command recommendation.

   B) Upon the decision of the Undersheriff, the accused employee will receive a Notification of Finding. The notification will contain the intended disciplinary action. The accused employee may:

      1) Accept the disciplinary action as written.
      2) Appeal the decision to the Sheriff.

**B. DISCIPLINARY RANGES:**

1. Level I complaints may carry any of the following disciplinary actions, or any combination thereof:

   A) Letter of Counseling
   B) Remedial Training
   C) Letter of Reprimand
   D) Probation
   E) Suspension without pay, not to exceed 30 days.
   F) Disciplinary Demotion
   G) Termination

2. Level II complaints may carry any of the following disciplinary actions, or any combination thereof:

   A) Letter of Counseling
   B) Remedial Training
   C) Letter of Reprimand
   D) Probation
   E) Suspension without pay, not to exceed 10 days.
   F) Disciplinary Demotion
   G) Termination

3. Level III complaints may carry any of the following disciplinary actions, or any combination thereof:

   A) Letter of Counseling
   B) Remedial Training
   C) Letter of Reprimand
   D) Probation

**C. ADMINISTRATIVE LEAVE:**

Administrative Leave may be ordered by the accused employee's Division Commander or the senior-ranking supervisor within the Chain of Command. The Undersheriff will be notified of the administrative leave and reasons thereof on the next duty day. The following circumstances may be considered in determining if Administrative Leave is appropriate:

1. The accused employee is pending disciplinary action and the Division Commander or senior ranking supervisor determines, the accused employee would cause a disruption to the good order of the Office.
2. If the accused employee has used his/her firearm in the performance of duty.
3. If the accused employee is involved in a serious accident involving a County vehicle.
4. If the accused employee is not fit for duty due to alleged drug or alcohol use, or some other physical impairment.

D. SUSPENSION WITHOUT PAY

Suspension without pay can only be ordered by the Sheriff or Undersheriff in the absence of the Sheriff. The following circumstances may be considered in determining if the accused employee should be placed on Suspension Without Pay:

1. If the accused employee is pending criminal charges or criminal action.
2. If the accused employee engaged in misconduct that would endanger the public trust if the employee remained on duty.
3. If recommended by the accused employee's Chain of Command for disciplinary reasons.
4. Other circumstances the Sheriff or Undersheriff find appropriate.

E. APPEAL PROCESS:
   1. Level I & II
      The accused employee will have three (3) working days to request in writing, an appeal to the findings or intended disciplinary action. The request will be in memorandum form containing the basis for the accused employee's appeal. The request will be sealed in an envelope and submitted to the Sheriff. The Sheriff will set an appointment for the appeal. The accused employee will be notified in writing of the date, time and location of the appointment.

   2. Level III
      The accused employee will have three (3) working days to request in writing, an appeal to the findings or intended disciplinary action. The request will be in memorandum form containing the basis for the accused employee's appeal. The request will be sealed in an envelope and submitted to the Undersheriff. The Undersheriff will set an appointment for the appeal. The accused employee will be notified in writing of the date, time and location of the appointment.

   3. Civilian Personnel
      Non-Commissioned employees will follow the appeal process as stated in this policy.

   4. Legal Representation:
      A) Employees who desire legal representation during the appeal process may do so at their own expense. The legal representative will not use the appeal process for the purpose of challenging policies or procedures. The legal representative and the employee will follow the established guidelines:

1) The appeal date will be set by the Sheriff or Udersheriff and will not be altered or changed to accommodate the schedule of the employee or their legal representative.

2) For those that choose to have legal representation, the expense of the legal representative will be the responsibility of the employee.

3) The employee or their attorney may provide an opening statement. At the conclusion of the opening statement, the discussion will be limited to the Sheriff or Undersheriff and the accused employee unless the Sheriff or Undersheriff invites comments from those persons present. During this discussion the legal representative will not:

   a) interfere in any manner during the appeal,

   b) answer any questions for the accused employee, or

   c) Cross-examine the accused employee, the Sheriff, Undersheriff or anyone present.

4) Following the discussion the Sheriff or Undersheriff may offer the legal representative the opportunity to make comments or ask procedural in nature questions.

5) Investigation, including personnel investigations, records are considered confidential and will not be considered for release to the accused employee or their legal representative.

# Written Reprimand
November 22, 2005

You were suspended pending an internal affairs investigation against you. The failure to follow a directive was so blatant that at this point I do not feel that an investigation is necessary.

I have decided to issue you a written reprimand for failure to follow a directive. I will refer you to the letter dated November 17, 2005 as a basis for this reprimand.

I am placing you on probation for the next six months. You will be docked for three days of pay, and you are reminded of the seriousness of this violation. I hope you use this as a learning tool, however any future violations of this nature could result in more severe discipline action being brought against you.

Captain Monte Gore

I have read the above reprimand and will abide by all future directives issued by my supervisor.

Vickie Caldwell


EXHIBIT
19

Park-Caldwell 0427
Confidential

**PARK COUNTY SHERIFF'S OFFICE**

# Memorandum

**To:**   Sheriff Fred Wegener & Undersheriff Monte Gore

**From:**   Vicki Caldwell

**Date:**   12/1/2005

**Re:**   Resignation

I have decided to resign my position as Business Manager with the Park County Sheriff's Office. The past six weeks have been extremely stressful and I have been told that I was accused of suspicious activity. Removing responsibilities from me and ordering me to keep my door open so I won't seem to be hiding things has caused me to feel that I am working in a hostile and unhappy environment. Please accept this memo as my two-week notice. My last working day will be December 15, 2005.

*Vicki Caldwell*



**EXHIBIT**

**20**

Park-Caldwell 0424
Confidential