

# Forest Park Police Department

4201 N. Coltrane Road • Forest Park, Oklahoma 73121 • (405) 427-0367



To Whom it may concern:

This is to introduce "Chuck" Caldwell, a reserve officer formerly employed by this agency. Chuck was an officer with this agency from 11-26-86 through 4-2-99. Chuck is a close personal friend as well as a good officer, he is loyal and honest, and deals well with the public.

Chuck has considerable experience with custody and control, weapon retention and prisoner restraint. Chuck is an excellent self-defense instructor and his system is much more effective than the watered down Ju-Jitsu that they teach our officers at the state mandated training.

I highly recommend him to you and if you need any further information you can contact me at (405) 424-1212, Monday through Friday after 0900 CST.

Sincerely,

Jeff Tucker
Chief of Police
Forest Park, OK

**EXHIBIT**
**22**

Park-Caldwell 0401
Confidential

## APPOINTMENT BY THE PARK COUNTY SHERIFF

I Fred Wegener, Sheriff, Park County, State of Colorado, pursuant to CRS 30-10-506 and CRS 30-10-5 10, hereby appoint **Charles Caldwell** to the position of **Case Manager** effective **April 27, 2005** for the purposes of performing the acts and duties of this position necessary to the operations of the Park County Sheriff's Office. In this capacity, the above appointed person shall be responsible for performing the duties, acts, and obligations of their position as set forth by Colorado Statutes and the Park County Sheriff's Office policies and procedures. Only personnel upon my written appointment to the position of Deputy Sheriff shall be considered peace officers with the full powers of arrest and responsibilities for performing other police duties.

Fred W. Wegener
Sheriff of Park County

---

## OATH OF OFFICE

STATE OF COLORADO )
                  )
COUTY OF PARK      )

I, **Charles Caldwell,** do solemnly swear, by the ever living God, that I will support the constitution of the United States, and of the State of Colorado, and faithfully perform the duties of the office of **Case Manager** upon which I am about to enter.

Signature

Subscribed and sworn to me before this ⟶7th⟵ day of April , 2005.

My Commission Expires   **WITH OFFICE**

Notary

EXHIBIT
**23**

5

Park-Caldwell 0369
Confidential

**Administrative notice**

# Memo

**To:**  Case Manager Chuck Caldwell

**From:**  Captain Monte Gore

**CC:**  file

**Date:**  10/14/2005

**Re:**  Criminal Investigation

---

It is the policy of the Sheriff's Office to conduct fair and impartial investigations of legitimate complaints. It is the commitment of this Office to clear employees who are falsely accused and discipline those who violate policy and procedure

Mr. Caldwell a criminal complaint has been made against you. I am placing you on paid administrative leave pending the outcome of this criminal case. You are ordered not to talk to anyone about this case. You will make yourself available for investigators. You will be required to notify me if you plan to leave the area. You will additionally be required to return all Sheriff's Office equipment at this time. We will attempt to work on this as quickly as possible to bring about a resolution to this issue.

1.  ID

2.  Keys.

3.  Any additional property.

I understand the above directive and will abide by it.

Captain Monte Gore

Chuck Caldwell

**EXHIBIT**

**24**

6

000001

# PARK COUNTY SHERIFF'S OFFICE
# POLICY AND PROCEDURE MANUAL

| *Effective Date:* 03-01-03 | *Approval:* | | *Number:* 319 |
|---|---|---|---|
| *Subject:* **INTERNAL INVESTIGATIVE RULES** | | | |
| *Reference:* | | *Standard:* | |
| *Chapter:* | *Reevaluation Date:* | | *No. Pages:* 4 |

## I. PURPOSE:

To provide guidelines to employees on the Sheriff's Office internal investigation rules and procedures..

## II. DEFINTIONS:

MEMBERS: All commissioned and non-commissioned employees or volunteer (Posse, Cadet, etc.) of the Park County Sheriff's Office.

FORMAL INVESTIGATION: Any internal investigation titled a level I or II as defined in policy 318.

CONFIDENTIAL INVESTIGATION: An allegation of misconduct in which it would be detrimental to the investigation to follow the standard notification of investigation procedures. These investigations will be conducted by the Investigation's Division at the Sheriff or Undersheriff's direction.

## III. POLICY:

It is the policy of the Sheriff's Office to investigate allegations of misconduct by any employee, in a fair and thorough manner. The Sheriff's Office will respect the rights of the employee so long as its responsibility to conduct a complete investigation in search of facts is not jeopardized.

## IV. PROCEDURE:

### A. CONFIDENTIALITY:

1. Members will not discuss or attempt to solicit any details of a matter under investigation.
2. Internal Investigations will be treated in strict confidence. This information will be disseminated and used on a need to know basis only or in cases where dissemination would be for the good of the Sheriff's Office.

### B. NOTIFCATION OF INVESTIGATION:

1. The "Notification of Investigation" letter will be issued to the accused employee and their Division Commander prior to a formal interview if the investigator is not within the accused employee's chain of command. This does not preclude a supervisor or investigator from conducting a preliminary interview. This letter shall contain, unless it is a confidential investigation, the following information:

EXHIBIT
**25**

    A) The name of the complainant.

    B) The date of the alleged incident(s).

    C) Any possible policy violation(s).

    D) Any report numbers, summons.

    E) A brief summary of the allegation.

C. INTERVIEWS:

1. Before interviewing any accused employee, the employee will be given a Garrity Advisement Statement that he/she will read, have explained, if necessary, and sign. In an interview with an employee, the questions shall be narrowly and directly related to the matter under investigation or in reference to a performance of duty issue.

2. The accused employee may record the contents of the interview or request an audiotape copy of the interview if recorded by the investigator. The Sheriff's Office will not be responsible for encumbering any of the cost associated with the request.

    A) If an accused employee chooses to tape a formal interview, they will advise the interviewer of the tape prior to any recording.

    B) If the taped interview is transcribed, the accused employee may request a copy of their interview.

3. An accused employee may have legal representation present during a formal interview. The cost of the representation will be at the employee's cost and the legal representative will comply with the following guidelines:

    A) Will not interfere with any portion of the actual interview.

    B) Will not answer any questions for the accused employee.

    C) Will not cross-examine, at anytime, the accused employee or the authority conducting the interview.

    D) If the legal representative has any procedural questions of the investigator, he/she may direct these questions following the interview.

4. A member may be ordered, at any time, to truthfully answer questions and cooperate with an internal investigation.

5. Employees will be interviewed on duty whenever possible. A log of all employees interviewed during off-duty hours will be maintained. After the investigation is completed, all Office employees who were involved in the investigation on their off-duty hours will be entitled to compensation. Any employee suspended without pay prior to an investigation, and found in violation as accused, will not be entitled to overtime compensation.

6. If criminal violations are apparent, the investigator will immediately suspend the investigation and advise the Undersheriff.

D. POLYGRAPHS:

Policy 319

1. All employees of this Office must submit to a polygraph examination when ordered by the Sheriff, Undersheriff or designee.

2. Polygraphs may be ordered when a person has knowledge of a situation under investigation by the Office or when the employee's honesty, unity or loyalty has come into question.

3. Any employee who refuses to submit to a polygraph examination when so ordered by the Sheriff, Undersheriff, or designee, may be terminated for disobedience of an order.

4. When the investigation is based solely on information from the complainant, the infraction is non-criminal, and no corroborating information has been discovered, the employee may not be required to submit to a polygraph examination, unless the complainant also submits to one.

E. SEARCHES:

1. A commissioned member may, at any time, be ordered to submit to a blood test, urine test, lineup, breath test, voice print, handwriting exam, photos taken, or other non-testimonial evidence test. Refusal to submit can result in disciplinary action up to and including dismissal. If criminal prosecution of the employee is contemplated, the employee shall be entitled to counsel or other representation present where provided by law.

2. An employee's personal property shall not be subject to search and seizure without probable cause and a warrant where required by law. Office property, such as vehicles, work areas, stations or lockers, may be searched without consent at any time, even if assigned to or used exclusively by a single employee.

3. Office communication facilities may be monitored at any time, under conditions permitted by law. Other communications or conversations may be monitored at any time, under conditions permitted by law.

4. If the investigation determines that there are additional acts of misconduct on the part of the employee that are not included in the original complaint, these acts will be included as a part of the investigation.

F. CONCLUSION OF THE INVESTIGATION:

1. Internal investigations should be completed within 20 working days, this does not include the review period, unless exigent circumstances exist. These will be determined by the Undersheriff.

2. Accused members will be notified in writing at the conclusion of the investigation. The document will include the following:

   A) Findings of each allegation.

   B) A brief statement summarizing the allegation as it relates to policy violation.

03/10/03 FW/dsl

3

C) Intent of disciplinary action, if any.

3. The Complainant will be notified in writing upon conclusion of the investigation.

G. RECORDS:

1. Internal investigations will be considered confidential.
2. Members will not be authorized to review these investigations.
3. Active Members may inquire as to their own internal affairs history. They will be provided the following information:
    A) Date of the investigation
    B) Case number
    C) Allegations
    D) Findings of the investigation
    E) Disciplinary Action received, if any.

G. FALSE REPORTING:

1. The interviewer will ensure that the complainant understands the State Statute concerning "False Reporting to Authorities" prior to signing the complaint.

2. If it is determined that a citizen has knowingly made a false report against an officer, the investigator will pursue the filing of a case report, under the provisions of C.R.S. 18-8-111 (False Reporting to Authorities), against the citizen.

3. The guilt or innocence of the complainant must be decided by the court and the investigator will not consider the dismissal of criminal charges in exchange for dropping internal complaints. If, during the course of the internal investigation, it is discovered that the criminal charges filed against the complainant are not valid, the Undersheriff will be notified and he will determine the action to be taken.

4. If the investigation determines that there are additional acts of criminality on the part of the complainant, this information will be forwarded to the proper prosecutor with the District Attorney's Office.

03/10/03 FW/dsl

4



# Park County Sheriff's Office
## Investigations Division

### Notification of Internal Investigations
### Internal Affairs Case # 2006-IA-002

Date: January 17, 2006

To: Chuck Caldwell
    Jail Division

This is to notify you that there is an internal affairs investigation in progress concerning the following:

Alleged Violation(s):

PCSO Policy: 314 Conduct Rules and Regulations

PCSO Conduct Rules and Regulation 314 (IV) (A) (3) Violation of Laws
C.R.S. 18-8-102 Obstruction of Government Operations

PCSO Conduct Rules and Regulation    314 (IV) (A) (25) Intimidation

PCSO Conduct Rules and Regulation 314 (IV) (A) (30) Consorting with Persons of Bad Character

PCSO Conduct Rules and Regulation 314 (IV) (A) (40) Interference with Investigation

PCSO Conduct Rules and Regulation 314 (IV) (A) (41) Releasing Information

Other Persons involved:

Rebecca Starkweather
Vicki Caldwell
Wayne Wadora
Shawna Whiteowl
George Porter

EXHIBIT
26

000002



Park County Sheriff's Office
**Detention Center**
**Inter-Office Memorandum**

To: Undersheriff Gore

From: Sgt. Muldoon

Subject: Chuck Caldwell

Date: Thursday, December 08, 2005

---

Following your directive, I began an investigation into Chuck Caldwell's claims to have been a confidential informant/unpaid police officer with the Forest Park, Oklahoma Police Department.

I did not call Forest Park PD directly as the recommendation Caldwell provided from that agency was too filled with superlatives to be considered as anything but part of a "good-old-boy" network.

On December 6, 2005 I contacted the Oklahoma County Sheriff's Office which is the agency that includes the city and suburbs of Oklahoma City, Oklahoma which is where Forest Park is located.

I spoke with Detective Mark Johns (405.713.1006) in the Internal Affairs Division. I told Det. Johns that I was possibly going to be involved in an Internal Affairs investigation on an PCSO employee and was hoping to get some background information on an agency this employee claimed to have worked for.

Det. Johns told me that Forest Park is a small, residential community and the police department "writes citations". Det. Johns said that OCSO does all the investigations for Forest Park.

I then explained that our employee claims to have been a confidential informant for 13 years and had stated that he had bought marijuana in that capacity. I asked Det. Johns if Forest Park had a major drug problem and he said that it did not. He said there were drugs in the area, but no more so than any other similar community.

I related to Det. Johns that Caldwell allegedly presented a badge to an individual and it may have had "Oklahoma" on it. Det. Johns stated that he "didn't doubt the badge story with Forest Park PD connections".

Det. Johns said he has been with OCSO for 13 years and never heard of Chuck Caldwell. Detective Frank Bone was apparently in close proximity during this conversation and called his wife, Tara Bone while this was occurring. Tara Bone is 15 veteran of the Forest Park Police Department and told her husband she never heard of Chuck Caldwell.

**EXHIBIT**
**27**
tabbies

Park-Caldwell 0367
Confidential



# Park County Sheriff's Office
## Investigations Division

### Internal Affairs Investigation
### Final Disposition of Case
### Internal Affairs Case # 2006–IA-002

TO: Charles Caldwell

FROM: Sheriff Fred Wegener

DATE: February 22, 2006

The complaint/allegation filed against you in the above numbered case has been thoroughly investigated. The complaint/allegation has been classified as:

_____ Unfounded – there is no evidence to suggest the complaint/allegation was committed.

_____ Exonerated – the employee's action was found both lawful and proper.

_____ Non-Sustained – evidence suggests while an act was committed, the employee was not culpable.

__X__ Non-Criminal but Improper – while no criminal wrong doing was shown to have occurred, the employee failed to exercise appropriate judgment. The need for remedial development is indicated.

_____ Misconduct Found – a preponderance of evidence suggests that specific directives were violated that subject the employee to progressive discipline up to and including termination.

_____ Criminal Wrong Doing – proof beyond a reasonable doubt exists that the employee violated a criminal law and is subject to progressive discipline up to and including termination.

_Charen Caldwell_
Employee's Signature

2/22/06
Date

_Fred Wegener_
Investigators Signature
Sheriff

2-22-06
Date

**EXHIBIT 28**

Park-Caldwell 0366
Confidential



# Park County Sheriff's Office

P.O. Box 27, Fairplay, CO 80440
Sheriff Fred Wegener

Fairplay (719) 836-2494
Bailey (303) 838-4949
Jail (719) 836-4370

Date: 02/22/06


Charles Caldwell
3543 Webber Park Drive
Lake George, CO 80827


Dear Charles Caldwell:


In accordance with the Agency's Policies on Termination and Employee Discipline, this letter is to inform you, effective February 10, 2006, your employment with the Park County Sheriff's Office is terminated. All property belonging to Park County Sheriff's Office must be returned to Undersheriff Monte Gore, including, but not limited to ID cards, badge and any other county equipment issued.


The grounds for termination: Based upon a background investigation, it was found that some statements made in your application were false. Your employment is therefore terminated.


Signed,

Sheriff Fred Wegener


EXHIBIT
**29**

Park-Caldwell 0363
Confidential

Charles Caldwell
3543 Webber Park Drive
Lake George, CO 80827
(719) 395-7621

Date:   March 7, 2006

To:   Sheriff Fred Wegener
PO Box 27
Fairplay, CO 80440

Re:   Request for Documentation

This letter is an official request for all documentation and tape recordings in regards to the investigations of all the alleged accusations against me. This request is in accordance with the Colorado Open Records Act.

Thank you

*Charles Caldwell*

Charles Caldwell

CC:   Personal Attorney
Park County Attorney Stephen Groome
File

EXHIBIT
30 A



000042

Charles Caldwell
3543 Webber Park Drive
Lake George, CO 80827
(719) 395-7621

Date:   April 5, 2006

To:     Sheriff Fred Wegener
        PO Box 27
        Fairplay, CO 80440

Re:     Request for Documentation

I wish to thank Steve Groome for the information that was sent to me. However, what I received was not what I requested. This letter is an official request for all documentation and tape recordings in regards to the investigations of all the alleged accusations against me. Please see the attached termination letter and notification of Internal Investigations. I wish to have the documentation of the internal affairs investigation and the background investigation information. This request is in accordance with the Colorado Open Records Act.

Thank you


Charles Caldwell




CC:     Personal Attorney
        Park County Attorney Stephen Groome
        File



EXHIBIT
30 B



Jun 20 07 02:25p      Commissioner's Office      (719) 686-7900      p.2

Charles & Vicki Caldwell
3543 Webber Park Drive
Lake George, CO 80827
(719) 395-7621

Date:   April 26, 2006

Park County Sheriff's Office
Attention: Custodian of Records
PO Box 27
Fairplay, CO 80440

Re:   Request for Documentation

Pursuant to the Open Records Act we are writing to request a copy of any and all
investigations (including tape recordings, video tapes & maps), reports and results of
investigations regarding the following:

  Charles Caldwell – 3543 Webber Park Drive, Lake George, CO 80827
  Vicki Caldwell – 3543 Webber Park Drive, Lake George, CO 80827
  The Webber Park Investigation involving the residents of Webber Park (Lake
  George, CO)-which we received a copy of the synopsis previously

This request is also for the results of the internal affairs investigation regarding Charles
Caldwell and the exact reason for his termination.

If there is a cost for this information, please call me (Vicki Caldwell) at 719-686-7926
with the breakdown of the cost and the amount required. I will then forward the money.

If you are unable to comply with this request please respond, in writing, with the reason.
It is my understanding of the Open Records Act that you are required to respond within a
certain time frame.

Sincerely

*Charles Caldwell*  *Vicki Caldwell*

Charles Caldwell  Vicki Caldwell

CC: Personal Attorney



**EXHIBIT**
**30 c**

$\boxed{18}$

000057

Stephen A. Groome
County Attorney

# PARK COUNTY
## Office of the County Attorney



May 15, 2006


Charles & Vicki Caldwell
3543 Webber Park Drive
Lake George, CO  80827

Re:  Response to Open Records Request

Regarding your Open Records request sent to the Park County Sheriff's Office, please be advised that the custodian of the records has determined that the release of any additional information would be contrary to the public interest.  The request is therefore respectfully denied.

Sincerely,

Stephen A. Groome
County Attorney

CC:  Sheriff Wegener



**EXHIBIT**
tabbies
**30 D**



P.O. Box 1373, Fairplay, CO 80440  |  Voice: (719) 836-4219  |  Fax: (719) 836-3273  |  E-mail: pcattorney@parkco.us

000058

Charles & Vicki Caldwell
3543 Webber Park Drive
Lake George, CO 80827
(719) 395-7628

Date:   June 21, 2006

Park County Sheriff's Office
Attention: Custodian of Records
PO Box 27
Fairplay, CO 80440

Re:   Request for Documentation

We would like to make an appointment to come to the office and review our personnel files and copy some of the information contained within them.  Please call Vicki at (719) 686-7931 to set up the appointment time.

If you are unable to comply with this request please respond, <u>in writing</u>, with the reason. Thank you.

Sincerely

*Charles Caldwell*

Charles Caldwell

*Vicki Caldwell*

Vicki Caldwell

CC: Personal Attorney



EXHIBIT
30 E

21

000059



EXHIBIT

**31**





**COMMISSION**

KNOW ALL MEN
BY THESE PRESENTS

That Pursuant to Title 11, Sec. 12-111, Okla. Statutes, The Town of Forest Park has appointed and Does Hereby Commission:

Charles Caldwell

as a Police Officer to Serve at and During the Pleasure of the TOWN OF FOREST PARK

DATED 26th DAY OF November 1985

CHIEF OF POLICE

**EXHIBIT**

tabbies

**32**

11



 PRINT

 CLOSE


### THE FLUME
#### The Park County Republican and Fairplay Flume

Friday, January 13, 2006

## Letters to the Editor

Friday, January 13, 2006

**Letters to the Editor**
**It was a pleasure to serve Park County**
To the Editor and people of Park County, I would like to personally thank the citizens of Park County for the opportunity to serve you for the past 16 years. My experience with the Park County Sheriff's Office has been very enjoyable and satisfying.

Over the past decades, I have worked under four different sheriffs and have seen many changes. I have seen many officers come and go, in fact comparing my employee number to the newest ones: over 100 patrol officers have come and gone since I first started as a dispatcher in 1989.

Almost 100 jail staff have come and gone in the jail since the county took it over in 2000.

The majority of the people have been a real pleasure to work with and I wish the best for each one of them in the future. I have gained such a vast amount of knowledge that will be very valuable for my future endeavors.

The great support I have received, not only locally but also statewide from people with whom I have become associated with through the years, has been great. As I learned years ago while serving in the United States Marine Corps, there is nothing more gratifying than being able to serve the public.

It is unfortunate it has come to an end at this time. But I hope I will once again be given the opportunity in the future.

Thank you.

Don Anthony Former Undersheriff Lake George

Content © 2008 The Flume
Software © 1998-2008 1upl Software, All Rights Reserved

**EXHIBIT**
tabbies
**33**

Park-Caldwell 1579