IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-00371-RPM-MEH

CHARLES CALDWELL and
VICKI CALDWELL,

    Plaintiffs,

vs.

THE COUNTY OF PARK, a body corporate and politic and a political subdivision of the State of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT,
STEVEN GROOME,
SHAWNA WHITEOWL, and
MARK DAMON

    Defendants.

---

**DEFENDANTS MARK DAMON'S AND SHAWNA WHITEOWL'S REPLY IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT**

---

Defendants Mark Damon and Shawna Whiteowl (hereinafter "Defendants"), by and through their respective undersigned counsel, hereby submit their Reply in Support of the Joint Motion for Summary Judgment, and in support thereof, state as follows:

In their Response to Defendants' Joint Motion for Summary Judgment, Plaintiffs Charles and Vicki Caldwell (hereinafter "Plaintiffs") have ignored virtually all of the relevant cited case law and instead rely upon yet another shrill recantation of the "facts," purportedly in the hope that the sheer volume of dastardly deeds allegedly committed by the Defendants would overcome the fact that neither Mr. Damon nor Ms. Whiteowl violated the Plaintiffs' constitutional rights and the fact that neither Mr. Damon nor Ms. Whiteowl acted "under color of state law" in the instant case. Plaintiffs' complete lack of response to these issues, coupled with their failure to set forth specific facts showing that there is a genuine issue for trial, mandates that summary judgment be issued in Defendants' favor as to Plaintiff's claims.

### A.   Plaintiffs Have Failed to Establish a Conspiracy

Plaintiffs' allegations, as stated in the Complaint (and reiterated in the Response[1]), are that Defendants "acted in concert" with Detective Flint "as part of a joint activity to place defamatory information before the public employer of the Plaintiffs." Essentially, Plaintiffs have argued that the Defendants conspired with Detective Flint with the **express intention** of placing false and defamatory information before the Park County Sheriff's Office in order to negatively affect Plaintiffs' employment. Of course, notably absent from the Complaint, discovery, and Plaintiffs' Response was **any evidence** which would indicate: (1) an agreement to violate Plaintiffs' constitutional rights; (2) Defendants' intent to place the information in front of Plaintiffs' employers; or (3) Defendants' intent to affect the Plaintiffs' employment.

---

[1] As stated in the Response: "Plaintiffs ground their claims against Defendants Damon and Whiteowl [...] on their actions made in concert with and to abet the Park County Defendants' actions under color of State law." *See* Response at p. 2.

2

As noted in the Motion for Summary Judgment, when a plaintiff has alleged that a defendant "conspired" with state authorities, "there still must be some basis more than conclusory allegations that there was an agreement under color of state law to violate the plaintiff's constitutional rights, privileges or immunities." *Grow v. Fisher*, 523 F.2d 875, 878-79 (7th Cir. 1975).[2] Plaintiffs' Response completely failed to address this issue. Instead, Plaintiffs have simply offered a reworded version of their allegations, devoid of any evidence which would establish an "agreement under color of state law" to violate the Plaintiffs' constitutional rights. As stated in the Response:

> [T]he Informant Defendants acted in concert with the Park County Sheriffs' Office as effective co-authors of the investigatory report with no regard for, or purposely intended injurious regard for, the consequences to the Plaintiffs and their constitutional rights[.]

*See* Response at p. 8. Undoubtedly, Plaintiffs have failed to offer any evidence to support their allegation because no such evidence exists.[3] Having failed to identify one single fact, apart from baseless and unsupported allegations, that would support their claim that Defendants were involved in a conspiracy to violate their constitutional rights, there is no genuine issue for trial, and summary judgment is appropriate.

**B.   Defendants Have Not Violated Plaintiffs' Due Process Rights**

Defendants' Motion for Summary Judgment made clear that there was absolutely no connection between the Defendants' actions as confidential informants and the denial of due process as claimed by the Plaintiffs. Again, Plaintiffs' due process claim relates solely to the fact that Plaintiffs were terminated from their employment at the Park County Sheriff's Office

---

[2] *See also Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985); *Holdeman v. Consolidated Rail Corp.*, 649 F. Supp. 1188, 1196 (N.D. Ind. 1986); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).
[3] The failure to find any such evidence is certainly not due to a lack of trying, as Plaintiffs deposed virtually every person even tangentially involved to the allegations in the Complaint, including Mr. and Mrs. Caldwell, Mr. Anthony, Mr. Tucker, Sheriff Wegener, Undersheriff Gore, Detective Flint, Judge Groome, Ms. Whiteowl, and Mr. Damon.

3

without being granted a "meaningful hearing" to refute the allegation that Charles Caldwell had lied on his application or to refute the information provided by Defendants to Detective Flint. *See* Complaint at ¶¶ 1, 14. Not surprisingly, Plaintiffs' Response is silent on the "denial of due process" issue. **Plaintiffs have presented absolutely no evidence (again, because no such evidence exists) which establishes that the Defendants were involved, in any way, shape, or form, in denying the Plaintiffs a "meaningful hearing."** Plaintiffs' failure to set forth specific facts showing that there is a genuine issue for trial mandates that summary judgment issue in Defendants' favor as to Plaintiff's "denial of due process" claim.

C.    **Defendants Have Not Violated Plaintiffs' First Amendment Rights**

Although Plaintiffs have alleged that they were terminated "in an effort to chill these Plaintiffs' rights under the First Amendment to the United States Constitution to support a candidate for the office of Sheriff that these Defendants opposed," they have failed to produce any evidence which establishes that: (1) Defendants were involved in the decision to terminate Mr. Caldwell; (2) Defendants knew that there was another candidate running for Sheriff at the time they provided information to Detective Flint; (3) Defendants had knowledge that Plaintiffs intended to support said candidate at the time they provided information to Detective Flint; or (4) Defendants were opposed, in some fashion, to that candidate holding the office of Sheriff of Park County. Even the self-serving affidavits filed by the Plaintiffs, which claim: "It was common knowledge in the Park County Sheriff's Office that Mr. Anthony intended at some point to run for Sheriff," fail to allege that either of the Defendants had any knowledge that Mr. Anthony intended to run for Sheriff. *See* Exhibits 34 and 35 to Plaintiffs' Response at ¶ 7. In the absence of any evidence supporting Plaintiffs' claim that Defendants violated their First Amendment rights, there is no genuine issue for trial, and Defendants are entitled to summary judgment.

4

**D.     The "Joint Activity" Did Not Result in a Deprivation of Plaintiffs' Rights**

Although Plaintiffs take great pains to describe the interactions between Detective Flint and the Defendants as "joint activity with the state," the United States Supreme Court has made perfectly clear that it is not enough simply to allege that Defendants "acted in concert" with state authorities, when that concerted action did not result in the deprivation of Plaintiffs' constitutional rights. As stated by the court in *Lugar v. Edmondson Oil Co., Inc.*, a plaintiff must satisfy two conditions in order to show that a private defendant's actions are "fairly attributable to the state" for purposes of § 1983: first, the "**deprivation** must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and second, the party charged with the deprivation must have "acted together with or ... obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." 457 U.S. 922, 937 (1982) (emphasis added).

The fundamental problem with Plaintiffs' allegation is that they are so enamored with the second condition that they completely overlook the first. As noted above, **there was no deprivation of Plaintiffs' constitutional rights as a result of the "joint activity" between Defendants and Detective Flint.** Again, according to Plaintiffs' own allegations: "Plaintiffs have been deprived of liberty interests without due process of law, never been given any opportunity in a meaningful hearing to refute the wholly false and severely damaging information related in the report of this investigation." *See* Complaint at ¶ 1. Plaintiffs also claim that: "At no time was Mr. Caldwell given a meaningful opportunity to refute the false allegation that he had lied [on his application]." *See* Complaint at ¶ 14. Plaintiffs have made no allegation, nor could they support one, that Mr. Damon or Ms. Whiteowl were involved, in any

5

fashion, in the decision to deny Plaintiffs a "meaningful hearing" based upon either the allegations of criminal conduct or the mistruths contained in Mr. Caldwell's employment application. In the absence of a deprivation of Plaintiffs' constitutional rights as a result of the "joint activity" between Defendants and Detective Flint, Plaintiffs' claim fails as a matter of law.

E.  **Defendants Did Not "Act Under Color of State Law"**

In their Motion for Summary Judgment, Defendants cited to numerous decisions from various jurisdictions which stood for the following principle: "It is universally recognized [...] that the mere furnishing of information to police officers does not constitute joint action under color of State law which renders a private citizen liable under Section 1983."[4] Apart from simply claiming that the "cases these Defendants cite in their brief are distinguishable from the factual circumstances of our case," there is virtually no effort on behalf of the Plaintiffs to **actually** distinguish the facts, or to demonstrate that were those decisions would have turned out differently had there been a set of facts similar to those in the present case. Instead, Plaintiffs offer the following discussion:

> In the cases generally being cited by the Defendants, a private individual simply saw or knew something about a criminal wrongdoing and reported it to the police. From there, a decision was made by a police officer and/or prosecutor to take action, whether that be an arrest or prosecution. **In the cases cited by these Defendants, if the criminal case actually fell through, at least the state had truly made an effort to screen the information being given, and the persons providing that information had reason to believe that they would do so.**

*See* Response at p. 2 (emphasis added). Conspicuously absent from Plaintiffs' "argument" is any case law which supports their apparent theory that where a state has failed to make "an effort to screen the information being given," or even better, where the individual providing the

---

[4] *See* Motion for Summary Judgment at pp. 10-12. The quoted language appeared in *Occhino v. Lannon*, 150 F.R.D. 613, 616 (D. Minn. 1993).

6

information does not have reason to believe that it is being screened, otherwise unactionable conduct is magically converted into "joint action under color of State law which renders a private citizen liable under Section 1983." Plaintiffs' newly minted and unsupported theory is, in a word, absurd. Thus, Plaintiffs have failed, as a matter of law, to establish that Defendants "acted under color of state law," and Defendants are entitled to summary judgment on this issue.

## CONCLUSION

Plaintiffs have failed, as a matter of law, to satisfy the requirements of a § 1983 claim against Mark Damon or Shawna Whiteowl. Therefore, both Mr. Damon and Ms. Whiteowl are entitled to summary judgment on that claim.

WHEREFORE, for the foregoing reasons, Defendants Damon and Whiteowl respectfully request that this Court enter judgment in their favor as to Plaintiffs' First Claim for Relief.

Dated this 7th day of August, 2008.

Respectfully submitted,

LAW OFFICE OF DENNIS W. HARTLEY, P.C.

By: /s/ Michael K. Obernesser
Michael K. Obernesser (#38766)
Attorneys for Defendant, Mark Damon
1749 S. Eighth St., Ste. 5
Colorado Springs, CO 80906
(719) 635-5521

LAW OFFICE OF STEVEN U. MULLENS, P.C.

By: /s/ Richard M. Lamphere
Richard M. Lamphere (#22144)
Attorney for Defendant, Shawna Whiteowl
105 E. Moreno Ave.
Colorado Springs, CO 80903
(719) 632-5001

7

## **CERTIFICATE OF SERVICE**

I certify that on the 7th day of August, 2008 a true and correct copy of the foregoing **Defendants Mark Damon's and Shawna Whiteowl's Reply in Support of the Joint Motion for Summary Judgment** was filed via electronic filing which will serve same to the following:

James A. Reed, Esq.
JAMES A. REED, P.C.
320 S. Cascade Ave.
Colorado Springs, CO  80903
(719) 636-9343
Fax: (719) 633-2355
jreedpc@aol.com
Attorney for Plaintiffs,
Charles Caldwell and Vicki Caldwell

Andrew D. Ringel, Esq.
HALL & EVANS, LLC
1125 17th St., Ste. 600
Denver, CO  80202-2052
(303) 628-3453
Fax: (303) 628-3238
ringela@hallevans.com
Attorneys for Defendants,
Fred Wegener, Monte Gore,
Gregory Flint and Stephen Groome

/s/ Robyn Lornell
Robyn Lornell
Paralegal