IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00371-RPM

CHARLES CALDWELL and
VICKI CALDWELL,

    Plaintiffs,

v.

FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT,
SHAWNA WHITEOWL, and
MARK DAMON,

    Defendants.
_____

ORDER FOR JUDGMENT FOR DEFENDANTS DISMISSING ALL CLAIMS
_____

Vicki Caldwell was appointed Business Manager of the Park County Sheriff's Office by Sheriff Fred W. Wegener, effective December 22, 2003. Exhibit A-2. She was placed on administrative leave by Captain Monte Gore on November 17, 2005, (Ex. A-15) and given a written reprimand with six months probation by him on November 22, 2005, (Ex. A-18). Ms. Caldwell resigned her position by a memorandum to Sheriff Wegener and Captain Gore dated December 1, 2005, effective December 15, 2005, saying that she felt she was "working in a hostile and unhappy environment, (Ex. A-3).

Charles Caldwell was appointed to the position of Case Manager by Sheriff Wegener, effective April 27, 2005, (Ex. A-5). He was a probationary employee until February 10, 2006 when Sheriff Wegener terminated that employment on the ground of false statements on the application for employment, (Ex. A-19).

Charles Caldwell and Vicki Caldwell brought this action against Sheriff Wegener, Captain Monte Gore and Detective Gregory S. Flint, individually, claiming that these terminations of employment were the result of violations of rights protected by the Fourteenth Amendment to the United States Constitution because the plaintiffs were deprived of liberty and property without due process of law and in retaliation for the exercise of their First Amendment freedom to engage in political activity supporting the nomination of a candidate for Sheriff.

Private citizens Shawna Whiteowl and Mark Damon were named as defendants on allegations that they conspired with the Park County officials in providing false information to Detective Flint as confidential informants concerning possible criminal activity in an area of Park County known as Webber Park, where they and the Caldwells resided. Detective Flint wrote a report of his investigative activities in that area, beginning in September, 2003, on October 4, 2005 and sent it to other law enforcement agencies, (Webber Park Investigations / Brief Synopsis Ex. A-10). Despite the accusations and suspicions of serious criminal activity contained in that report, no charges were filed against any persons named in it, including the plaintiffs. The Colorado Bureau of Investigation conducted an independent investigation and an agent wrote a report, dated February 2, 2006, concluding that the information provided by Damon and Whiteowl could not be corroborated and that no other information was developed to support the suspicions of criminal activity in the Webber Park area (Ex. 13).

The defendants filed motions for summary judgment which were heard on September 5, 2008. The constitutional tort claims made against defendants Shawna

Whiteowl and Mark Damon are dismissed because the plaintiffs have failed to provide evidentiary support for the contention that these defendants conspired with Detective Flint or any other county official to cause the deprivations of property and liberty claimed by the plaintiffs.  There is no evidence that Damon and Whiteowl were paid as confidential informants or that they acted in any manner other than as private citizens concerned about the safety and security of their neighborhood.  Assuming that their information was false that their suspicions were unfounded in reality and that they disliked the Caldwells, there is no basis for a belief that either Whiteowl or Damon were motivated by a desire to harm the plaintiffs by causing the loss of employment in the Sheriff's Office.

The First Amendment claims against the Park County defendants are not supported by the evidence provided.  Don Anthony had been Undersheriff until October 13, 2005 when he was placed on administrative leave pending an internal investigation (Ex. A-13).  The plaintiffs were friends with Mr. Anthony.  Captain Gore instructed Ms. Caldwell and other Sheriff personnel to avoid communications with Mr. Anthony.  She violated that instruction and was reprimanded for it.  Mr. Anthony's employment was terminated on November 18, 2005, for cause.

On January 13, 2006, the Fairplay Flume, a local newspaper, published a letter from Mr. Anthony, thanking the citizens of Park County for the opportunity to serve them and expressing the hope that he will once again be given that opportunity in the future, (Ex. A-20).

On March 1, 2006, Mr. Anthony filed a Candidate Affidavit with the Colorado Secretary of the State, as a candidate for Sheriff as a member of the Republican Party,

(Ex. A-21). He had not publicly expressed his intention to seek nomination before that date. In an affidavit filed by plaintiffs, Mr. Anthony said that he had discussed with Sheriff Wegener that Mr. Anthony intended to run for Sheriff when the Sheriff had to retire and Sheriff Wegener expressed approval. Mr. Anthony said that after his termination he decided there was no reason to wait and that he discussed his thinking "at regular coffee early mornings in the Lake George area", (Ex 14, p. 3). The County Assembly was held in April, 2006. One delegate showed Mr. Anthony a copy of the Webber Park Synopsis.

A reporter for the Fairplay Flume said that she had a copy of the report when she asked Mr. Caldwell about it a week before the County Assembly. There was no publication of the report in the newspaper.

Mr. Caldwell's due process claim fails because as a probationary employee he was subject to dismissal without proof of good cause. He had no cognizable property right in his employment.

Vicki Caldwell's claim is dependant upon her contention that she was constructively discharged because her employment conditions became intolerable. She claims that she was subject to harassment by being required to keep her office door open because of an unfounded suspicion of misuse of her computer and was told she was being investigated. The evidence fails to meet the standard for constructive discharge. She resigned and was not entitled to any pre-termination hearing.

The plaintiffs First Amendment retaliation claims fail for lack of support. At best, it may be inferred that the Park County defendants would assume that the plaintiffs would support Mr. Anthony's political moves, but the evidence does not show that these

4

defendants knew of Mr. Anthony's efforts to be nominated before termination of the plaintiffs' employment.  Thus, there is no showing of a causal link.  Additionally, mere approval of political candidacy is not protected speech activity under the First Amendment.

The liberty interest claim depends upon a showing that the defendants' actions stigmatized the plaintiffs injuring their reputation with no opportunity to clear their names.  There is no evidence that the defendants provided the Flint report to anyone outside the circle of law enforcement agencies.  The claim cannot rest on speculation.  There is no shown connection between that report and the plaintiffs' loss of employment.

Because the plaintiffs have failed to show sufficient evidentiary support for these federal claims, they are dismissed.  Because of that dismissal, this Court will not adjudicate the state law claims.

Upon the foregoing, it is

ORDERED, that judgment will enter for the defendants dismissing the claims against them under 42 U.S.C. §§ 1983, 1985 and 1988 and dismissing the state law claims of defamation, intentional infliction of emotional harm, invasion of privacy and unpaid wages, without prejudice, for lack of subject matter jurisdiction.

DATED: January 5th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge