IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-000371 RPM-MEH

CHARLES CALDWELL AND VICKI CALDWELL,

    Plaintiff,

v.

THE COUNTY OF PARK, a body corporate and politic
and a political subdivision of the State of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT
STEVEN GROOME
SHAWNA WHITEOWL, and
MARK DAMON

    Defendants.

---

**DEFENDANT, SHAWNA WHITEOWL'S MOTION FOR AWARD OF COSTS AND ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988(b), LOCAL RULE 54.3, AND TITLE 28 §1920**

---

COMES NOW, Shawna Whiteowl, by and through her attorneys of record, and pursuant to 42 U.S.C. §1988(b), D.C. Colo. LCivR, Rule 54.3, and Title 28 §1920 hereby files the following motion respectfully requesting the Court to award Defendant Whiteowl her attorneys' fees and costs. As support for her Motion, Defendant Whiteowl, has filed an Affidavit pursuant to Local District Court Rule of Procedure 54.3, which Affidavit contains a billing invoice containing a detailed description of the legal services rendered and reflecting the time spent, the

hourly rate for that time and the total amount of attorneys' fees claimed, in addition to the costs incurred in the course of defending the above-captioned claim.

In further support of her Motion, Defendant Whiteowl, states as follows:

1. Pursuant to 42 U.S.C. §1988(b), a court in its discretion may allow a prevailing party to a case a reasonable attorney's fee as part of the costs incurred during the pendency of the case. In *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978) and *Shaw v. Neece,* 727 F.2d 947, 949 (10th Cir. 1991), the Tenth Circuit Court of Appeals determined that a District Court may in its discretion award attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. In the instant case, Plaintiffs' claims against Defendant Whiteowl were dismissed following a hearing on Defendants' Joint Motion for Summary Judgment, pursuant to Order dated January 5, 2009. Despite being requested by the Court to consider whether Whiteowl, as a private citizen, should remain as a Defendant in the above-captioned claim, Plaintiffs elected to recklessly proceed forward with allegations that Defendant Whiteowl acted "under color of state law" in violating Plaintiffs' constitutional rights. As noted, all claims against Defendant Whiteowl were dismissed following a hearing on Defendants' Motion(s) for Summary Judgment. It was clear that Plaintiffs had no basis either in law or fact to sustain a claim against Defendant Whiteowl at the outset of this case and despite Defendant Whiteowl's request to be removed from the case and the court's warning regarding the tenuous nature of Plaintiffs' claims against Defendant Whiteowl, Plaintiffs persisted with great zeal to prosecute this claim to its inevitable end, namely dismissal of all claims. As a direct result of Plaintiffs'

actions, Defendant Whiteowl was forced to defend herself at great cost and actually had to sell her residential home and relocate from the area, as she felt unsafe, harassed, and the scrutiny which she came under following the filing of the Plaintiffs' case was unbearable. Prosecution of this baseless claim by Plaintiffs has been particularly damaging to Defendant Whiteowl, a Social Security recipient, as she lost all equity in the only home she owned and was otherwise severely damaged financially due to the costs associated with her relocation.

2. Accordingly, Defendant Whiteowl respectfully requests the Court to award her attorneys' fees of $21,475.80 plus costs in the amount of $1,127.50 for a total of $22,603.30 from March 16, 2007 through the date of this Motion for time spent in defense of this case. Pursuant to D.C. Colo. LCivR, Rule 54.3, defense counsel has provided an Affidavit setting forth the amount of time, the hourly rate, the summary of the relevant qualifications of defense counsel for Ms. Whiteowl, along with a billing invoice attached as Exhibit A with this Motion.

WHEREFORE, for the above-cited reasons, Defendant Shawna Whiteowl respectfully requests this Court to award her attorneys' fees and costs in defense of this claim.

Respectfully submitted this 13th day of January, 2009.

                STEVEN U. MULLENS, P.C.

                */s/ Richard M. Lamphere*
                Richard M. Lamphere, #22144
                105 E. Moreno Avenue
                Colorado Springs, CO 80903
                (719) 632-5001
                (719) 473-2299 FAX
                lampheresum@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served via U. S. Mails this 13th day of January, 2009, properly addressed to the following:

James A. Reed, Esq.
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO 80903
jreedpc@aol.com
Attorney for Plaintiffs,
Charles Caldwell and Vicki Caldwell

Andrew D. Ringel, Esq.
Katherine M.L. Pratt, Esq.
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202-2052
ringela@hallevans.com
Attorneys for Defendants,
Fred Wegener, Monte Gore,
Gregory Flint and Stephen Groome

Dennis W. Hartley, Esq.
Michael K. Obernesser, Esq.
Dennis W. Hartley, P.C.
1749 South 8th Street, Suite 5
Colorado Springs, CO 80906
mobernesser@gmail.com
Attorneys for Defendant,
Mark Damon

/s/ Benney G. Brettingen