IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00371-RPM-MEH

CHARLES CALDWELL, and
VICKI CALDWELL,

      Plaintiffs,

v.

FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT,
STEVEN GROOME,
SHAWNA WHITEOWL, and
MARK DAMON,

      Defendants.

---

**PARK COUNTY DEFENDANTS' MOTION FOR REVIEW OF TAXATION OF COSTS**

---

      Defendants Fred Wegener, Monte Gore, and Gregory S. Flint (the "Park County Defendants"), by and through their attorneys, Andrew D. Ringel, Esq. and Katherine M.L. Pratt, Esq., of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 54(d)(1), hereby respectfully submits this Motion to Review Taxation of Costs, and as grounds therefore states as follows:

      1.     On December 9, 2008, this Court issued its Order for Judgment for Defendants Dismissing All Claims which granted summary judgment in favor of all of the remaining Defendants including the Park County Defendants. [*See* Doc. 56]. Judgment in favor of the Defendants was entered on January 5, 2009. [*See* Doc. 57]. On January 20, 2009, the Park County Defendants filed their proposed Bill of Costs requesting a total of $8,564.25 in costs. [*See* Doc. 60]. On February 5, 2009, the Deputy Clerk of this Court awarded a total of $5,268.95

in costs to the Park County Defendants. [*See* Doc. 62]. Now, the Park County Defendants respectfully requests this Court, pursuant to its authority under Fed. R. Civ. P. 54(d)(1), award the Park County Defendants an additional $1,179.02 in costs. First, these Defendants are entitled to an award of $614.75 in additional costs for the transcript of the deposition of Plaintiffs' expert witness Richard Reisler. Second, these Defendants should be awarded additional costs in the amount of $564.27 for documents necessarily obtained for use in this case.[1]

      2. First, the Deputy Clerk refused to award costs in the amount of $649.45 for the transcription costs for the deposition of Plaintiff Richard Reisler because the deposition was not used or cited in the summary judgment briefing before this Court.[2] However, the United States Court of Appeals for the Tenth Circuit has rejected the analysis employed by the Deputy Clerk and has concluded costs for depositions reasonably necessary for use in a party's case should be allowed pursuant to 28 U.S.C. § 1920(2). The costs statute authorizes taxation of costs of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "'Necessarily obtained' does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the 'most direct evidence of 'necessity' is the actual use of materials by counsel or by the court.'" ***Callicrate v. Farmland Indus.,*** 139 F.3d 1336, 1340 (10th Cir. 1998) (citing ***U.S. Indus. v. Touche Ross & Co.,*** 854 F.2d 1223, 1245-46 (10th Cir. 1988)). If materials are

---

[1] Defendant accepts the Deputy Clerk of this Court's determination on the remainder of the costs originally requested in the Bill of Costs and does not seek review of the decision not to award them from this Court.

[2] Details for the costs requested may be found in the proposed Bill of Costs filed with this Court on January 20, 2009, including receipts and other documentation supporting the requested costs. [*See* Doc. 60].

2

reasonably necessary for use in the case although not used at trial, however, a district court is empowered to find necessity and award costs. *Id.* The costs of a deposition transcript is taxable if it was reasonably necessary in light of the circumstances then known at the time the deposition was taken even if the deposition was not used at any later stage of the case. ***Rodriguez v. Zavaras,*** 22 F.Supp.2d 1196, 1204 (D. Colo. 1998); ***Echostar Satellite Corp. v. Advanced Communications Corp.,*** 902 F.Supp. 213, 217 (D. Colo. 1995). Here, it cannot be gainsaid that the deposition of Plaintiffs' expert witness Richard Reisler was reasonably necessary at the time it was taken by counsel for the Park County Defendants. It defies logic to suggest the deposition of a specifically endorsed liability expert on the issue of the propriety of the criminal investigation that involved the Plaintiffs as potential suspects and formed the underlying factual basis of the Plaintiffs' claims against the Park County Defendants is not reasonably necessary to conduct during discovery in a case.

    3.    Second, the Deputy Clerk refused to award the amount of $564.27 for documents necessarily obtained for use in this case. These documents consisted of medical records of Plaintiff Vicki Caldwell from Colorado Springs Dermatology Clinic ($16.16), the medical records of Plaintiff Vicki Caldwell from William Schroeder ($15.08), the medical records for Plaintiffs Charles and Vicki Caldwell from First Street Family Health, the medical records for Plaintiff Charles Caldwell from Colorado Springs Cardiologists ($25.85), the medical records for Plaintiff Vicki Caldwell from Teller County Chiropractic ($26.55), the medical records for Plaintiff Charles Caldwell from Langstaff-Brown Urgent Care ($15.08), the medical records for Plaintiff Charles Caldwell from Colorado Springs Health Partners ($19.88), the medical records for Plaintiffs Charles and Vicki Caldwell from Innate Healing ($25.84), the employment records

of Plaintiff Vicki Caldwell from Teller County ($8.08), the federal income tax records for both Plaintiffs for the years 1999 through 2006 obtained from the Internal Revenue Service ($336.08), records from the Social Security Administration for Plaintiff Charles Caldwell ($43.09), and records from the Park County Clerk and Recorder's Office from the Sheriff Campaign of Don Anthony ($15.88). [*See* Doc. 60]. Again, the Deputy Clerk inappropriately interpreted the costs statute too narrowly. 28 U.S.C. § 1920(4) allows a court to tax as costs the "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Tenth Circuit has described that the issue under this provision of the costs statute is whether the documents were reasonably necessary at the time they were obtained. ***Tilton v. Capital Cities/ABC,*** 115 F.3d 1471, 1475 (10th Cir. 1997). Moreover, it is allowable to recover as costs expenses paid to third parties to obtain copies of documents. ***Tilton,*** 115 F.3d at 1475. "The test is not whether the documents copied were discovery documents or other types of documents, but rather, whether the documents were necessarily obtained for use in the case." ***Karsian v. Inter-Regional Fin. Group, Inc.,*** 13 F.Supp.2d 1085, 1093 (D. Colo. 1998).

4.      All of these documents were necessarily obtained by the Defendant as part of discovery. Initially, obtaining Plaintiffs medical records was necessary in this case because both the Plaintiffs alleged that the actions of the Defendants caused them health problems. [*See* Scheduling Order, at 7-8 (Doc. 24)]. Further, obtaining the Plaintiffs' federal income tax records was necessary given the Plaintiffs' request for economic damages for lost past and future income in this case. [*See* Scheduling Order, at 7-8 (Doc. 24)]. Moreover, it was necessary for the Defendant to obtain the income tax records directly from the Internal Revenue Service so that they would be admissible at any trial in this matter pursuant to Fed. R. Evid. 902(2) and (4) so

4

that an appropriate seal from the Internal Revenue Service was included with the document production by that agency. Additionally, obtaining Plaintiff Charles Caldwell's Social Security Administration Records was necessary to determine whether any record existed of his being paid by the Town of Forest Park because he was terminated from his employment by the Sheriff of Park County based on the determination he had lied about working for the Forest Park Police Department. [*See* Plaintiffs' Response to Park County Defendants' Motion for Summary Judgment, at 13-15 (Doc. 50)]. Finally, it was necessary to obtain Don Anthony's campaign records from the Park County Clerk and Recorder's Office because of their importance in dating Mr. Anthony's actual public efforts to run for Sheriff of Park County, another central issue in this case. [*See* Order for Judgment of Defendants Dismissing All Claims (Doc. 56)].

     5.    Pursuant to D.C.Colo.LCiv.R. 7.1(A), the undersigned counsel for the Park County Defendants contacted counsel for the Plaintiffs, James Reed, Esq., prior to filing the instant Motion. Mr. Reed indicated the Plaintiffs object to this Motion.

WHEREFORE, for all of the foregoing reasons, Defendants Fred Wegener, Monte Gore, and Gregory S. Flint respectfully requests this Court enter an Order awarding it additional costs in the amount of $1,179.02 in the areas outlined above for a total costs award in the amount of $6,447.97, and for all other and further relief as this Court deems just and appropriate.

Dated this 12th day of February, 2009.

        Respectfully submitted,


        *s/Andrew D. Ringel, Esq.*
        Andrew D. Ringel, Esq.
        Katherine M.L. Pratt, Esq.
        Hall & Evans, L.L.C.
        1125 17th Street, Suite 600
        Denver, CO 80202-2052
        303-628-3453
        Fax: 303-628-3238
        ringela@hallevans.com
        prattk@hallevans.com

        **ATTORNEYS FOR DEFENDANTS FRED WEGENER, MONTE GORE, GREGORY FLINT AND STEPHEN GROOME**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 12th day of February, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

James A. Reed, Esq.
jreedpc@aol.com
*Attorney for Plaintiffs*

Richard Lamphere, Esq.
Steven U. Mullens, Esq.
lampheresum@yahoo.com
SUMullens@aol.com
*Attorneys for Defendant Shawna White Owl*

Michael K. Obernesser, Esq.
mobernesser@gmail.com
*Attorney for Defendant Mark Damon*


s/Loree Trout, Secretary to
Andrew D. Ringel, Esq.
Katherine M.L. Pratt, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3453
Fax: 303-628-3238
ringela@hallevans.com
prattk@hallevans.com
**ATTORNEYS FOR DEFENDANTS FRED WEGENER, MONTE GORE, GREGORY FLINT AND STEPHEN GROOME**