IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-000371 RPM-MEH

CHARLES CALDWELL AND VICKI CALDWELL,

      Plaintiff,

v.

THE COUNTY OF PARK, a body corporate and politic
and a political subdivision of the State of Colorado,
FRED WEGENER,
MONTE GORE,
GREGORY S. FLINT
STEVEN GROOME
SHAWNA WHITEOWL, and
MARK DAMON

      Defendants.

---

## DEFENDANT SHAWNA WHITEOWL'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES

---

      COMES NOW Defendant, Shawna Whiteowl, by and through her attorney of record, Richard M. Lamphere, Esq. of the Law Firm of Steven U. Mullens, P.C., hereby files her Reply in support of her Motion for award of attorney's fees, and as grounds in support thereof, states as follows:

      1. On January 5, 2009, the Court granted Defendant Whiteowl's Motion for Summary Judgment filed jointly with Defendant Damon as to all claims filed by Plaintiff as asserted under section 42 U.S.C. §1983.

      2. On January 13, 2009, Defendant Whiteowl filed her Motion for award of attorneys' fees against Plaintiffs pursuant to sections 42 U.S.C. §1988(b), D.C. Colo. LCivR, Rule 54.3 and 28 U.S.C. §1920(4).

3. On March 16, 2009, Defendant Mark Damon filed his Reply to Plaintiffs' Response to Defendants' motion for award of attorneys' fees. Defendant Whiteowl, as similarly situated, joins the argument and legal citation set forth in Defendant Damon's Reply filed March 16, 2009.

4. As additional support for her claim for attorney's fees, Defendant Whiteowl asserts that contrary to Plaintiffs' assertion, the lawsuit in question here was frivolous, unreasonable and without foundation and was otherwise interposed for improper purposes. It is Defendant Whiteowl's belief that the legal action brought by Plaintiffs in this case was initiated in an effort to pressure and force Ms. Whiteowl from Webber Park. Despite the dismissal from this lawsuit, the unwelcome and unwanted attention brought on by the Plaintiffs' action in this case proved too much for Ms. Whiteowl and out of concern for her safety, Ms. Whiteowl relocated from the area. Based upon her belief that she was not safe after being labeled a "snitch", Ms. Whiteowl was unjustly forced from the only residence she had. Thus, the intended consequence sought by Plaintiffs in filing this lawsuit, per Ms. Whiteowl's belief, was realized, namely that Ms. Whiteowl relocate.

5. Plaintiffs assert in their Response to Whiteowl's Motion for attorney's fees at Footnote 3 that through discovery, it was learned that "these Defendants had conducted surveillance at the request of and in concert with the investigation of Defendant Detective Flint, and that Defendant Whiteowl had admitted purposely falsifying these serious claims to get herself better heard by the authorities." Such statement is unsupported and factually incorrect.

6. Even after conducting discovery in this matter, which demonstrated that there was no evidentiary support that Defendant Whiteowl conspired in any fashion with Detective Flint or any other official to cause the deprivation of property or liberty claimed by the Plaintiffs, upon which Plaintiffs based their claims against Defendant Whiteowl, Plaintiffs' counsel continued to press this matter forward in a most irresponsible fashion. Contrary to Plaintiffs' assertion, counsel for Plaintiffs did recklessly lurch forward with this case despite the previous warning of the court to carefully evaluate the claims against the citizen Defendants. Defendant Whiteowl asserts her continued involvement in this case, in light of the fact that there was otherwise no evidentiary support for Plaintiffs claims against her was simply calculated to harass, annoy and/or embarrass her. Plaintiffs' action was not calculated to lead to any practical result other than their blind attempt to seek retribution for the erroneous allegation that Ms. Whiteowl was out to harm the Plaintiffs in some fashion. The Court recognized the same and dismissed all claims brought against Defendant Whiteowl as there was no basis for a belief that Whiteowl was motivated by a desire to harm the Plaintiffs, causing the loss of their employment with the Park County Sheriff's Office. Thus, under the standard enunciated by *Christiansburg Garment Co. V. EEOC,* 434 U.S. 412, 421 (1978), an award of attorney's fees is supported by the facts in this case.

7. Plaintiffs also assert that the fees sought by Ms. Whiteowl in this case should be deemed excessive and reduced in keeping with the precedent set forth in *Ramos v. Lamm,* 713

F.2d 546, at 553 (10th Cir. 1983). Defendant Whiteowl agrees that the Court should examine the number of hours allotted to specific tasks and disregard amounts of time billed which would be unreasonable or which would ordinarily be absorbed into a firm's general overhead and not billed to clients. In the instant case, the time submitted by Defendant Whiteowl was billed at a rate of $180.00 per hour for Mr. Lamphere, the primary attorney handling the claim. While it is true that Mr. Lamphere and Mr. Mullens adopted a "reduced role" in the case, the same should not be seen as an indication that Attorneys Lamphere and Mullens did not perform necessary legal work. The bill submitted by Attorneys Lamphere and Mullens reflected the time spent at the reduced role at a reasonable hourly rate so as to avoid duplication of services and keep the billable time to a minimum. Such efforts are in keeping with the principles enunciated in the *Ramos* decision.

      8. Plaintiffs' argument that Attorney Lamphere should not be reimbursed the time for traveling to and from the depositions sought in this case based upon the filing of this lawsuit is audacious on the part of Plaintiffs' counsel. But for the filing of this specious action, defense counsel would not have had to spend any time attending to what was clear to all Defendants was a meritless suit that should have been dismissed following the deposition of the principal Plaintiffs involved. Because Plaintiffs' counsel elected to pursue this matter beyond the Plaintiffs' depositions (after the clear warning of the Court to carefully evaluate the claims against the citizen Defendants), Attorney Lamphere and the Law Firm of Steven U. Mullens, P.C. incurred additional time and expense in defense of Ms. Whiteowl. Moreover, Plaintiffs' assertion in Footnote 5 that Defendant Whiteowl sought reimbursement for mileage associated with the trips to and from Park County is erroneous. The only costs sought by Defendant Whiteowl were her costs associated with obtaining transcripts of some of the deponents in this case to assist in filing of the Motion for Summary Judgment, filing costs and the costs associated with reproduction of a video tape..

      WHEREFORE, for the above-cited reasons, Defendant Shawna Whiteowl respectfully requests that this Court award her the attorneys' fees incurred as a direct consequence of the defense against all constitutional claims brought by Plaintiffs in the present case.

      Respectfully submitted this 20th day of March, 2009.

STEVEN U. MULLENS, P.C.

/s/ Richard M. Lamphere
Richard M. Lamphere, #22144
105 E. Moreno Avenue
Colorado Springs, CO 80903
(719) 632-5001
(719) 473-2299 Facsimile
lampheresum@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2009, a true and correct copy of the forgoing was served via electronic filing which will serve same to the following:

James A. Reed, Esq.
James A. Reed, P.C.
320 S. Cascade Avenue
Colorado Springs, CO 80903
jreedpc@aol.com
Attorney for Plaintiffs,
Charles Caldwell and Vicki Caldwell

Andrew D. Ringel, Esq.
Katherine M.L. Pratt, Esq.
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202-2052
ringela@hallevans.com
Attorneys for Defendants,
Fred Wegener, Monte Gore,
Gregory Flint and Stephen Groome

Dennis W. Hartley, Esq.
Michael K. Obernesser, Esq.
Dennis W. Hartley, P.C.
1749 South 8th Street, Suite 5
Colorado Springs, CO 80906
mobernesser@gmail.com
Attorneys for Defendant,
Mark Damon

                                              s/ Benney G. Brettingen